**In re STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

No. 12–05–00230–CV.

Court of Appeals of Texas, Tyler.

May 26, 2006.

W. Lee Auvenshine, Clint W. Lewis, Eric A. Laskowski, Lewis & Auvenshine, Beaumont, for relator.

Blair A. Bisbey, Seale, Stover & Bisbey, Jasper, for real party in interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

State Farm Mutual Automobile Insurance Company seeks a writ of mandamus requiring the trial court to stay the underlying proceeding until the judgment entered in cause number 57,154, filed in the 11th Judicial District Court of Sabine Parish, Louisiana, becomes final.[1] We conditionally grant the requested relief.

---

1. The underlying proceeding is trial court cause number 11,735, styled *"Anna Louise*

## BACKGROUND

On May 17, 2004, Anna Louise Morrison and Patricia Marie George, real parties in interest (collectively "real parties"), sued Davlynn Remedies, Allstate Insurance Company, and State Farm in Sabine Parish, Louisiana, alleging that they suffered injuries in a motor vehicle collision that was proximately caused by Ms. Remedies' negligence (the "prior action"). Ms. Morrison and Ms. Remedies were the drivers of the vehicles. Ms. George was a passenger in Ms. Morrison's vehicle. Allstate was Ms. Remedies' insurer, and State Farm was Ms. Morrison's insurer. The real parties asserted an underinsured motorist claim against State Farm pursuant to the terms of Ms. Morrison's policy.

The real parties settled their claim against Allstate, but not their claim against State Farm. After the settlement, only State Farm remained as a defendant in the prior action. On November 12, 2004, the real parties sued State Farm in Sabine County, Texas (the "later action"). State Farm responded by filing a notice of removal to federal district court and a motion to dismiss for want of jurisdiction based upon the pendency of the prior action. The real parties then filed a motion to dismiss the prior action without prejudice.[2] State Farm objected to the dismissal. The federal court ultimately remanded the later action, and State Farm filed an answer. State Farm also filed a motion to stay the later action until the prior action was resolved, either by dismissal or by final judgment.

Before the trial court in the later action ruled on State Farm's request for a stay, the Louisiana trial court conducted a hearing on the real parties' motion to dismiss the prior action. At the hearing, State Farm argued that it would be unduly prejudiced by the dismissal of the lawsuit because it (1) had incurred legal expenses during the time the litigation had been pending, (2) received and responded to written discovery, and (3) conducted six depositions of parties and witnesses, all of whom, with the sole exception of the real parties, are residents and citizens of Louisiana.[3] The Louisiana trial court denied the real parties' motion to dismiss the prior action, and the respondent trial court denied State Farm's plea in abatement. State Farm subsequently filed a petition for writ of mandamus in this Court, but did not seek emergency relief. The prior action proceeded to trial on November 14, 2005, and a take nothing judgment in favor of State Farm was signed on November 29, 2005. The real parties filed a "suspensive appeal" on December 16, 2005.

Based upon the signing of a judgment in the prior action, State Farm filed a motion in the later action requesting reconsideration of the order denying State Farm's request for a stay. The trial court denied the motion. State Farm amended its mandamus petition to urge that the trial court

---

Morrison and Patricia Marie George v. State Farm Mutual Automobile Insurance Company," in the 1st Judicial District Court of Sabine County, Texas. The respondent is the Honorable Joe Bob Golden, Judge of the 1st Judicial District Court.

2. If the plaintiff in a Louisiana action files a motion to dismiss after the defendant has appeared, the trial court may refuse to grant the motion except with prejudice. LA.CODE CIV. PROC. ANN. art. 1671.

3. State Farm did not furnish a record of this hearing, but described the hearing in its mandamus petition. The real parties do not dispute State Farm's factual statement. Therefore, we accept State Farm's statements as true. See Burgemeister v. Anderson, 113 Tex. 495, 259 S.W. 1078, 1078 (1924); Hays v. Kessler, 564 S.W.2d 496, 497 (Tex.Civ.App.-Dallas 1978, orig. proceeding).

abused its discretion in denying the motion to reconsider. State Farm sought emergency relief after the later action was set for trial. We stayed proceedings in the trial court pending our disposition of State Farm's petition.

### AVAILABILITY OF MANDAMUS

■ Mandamus will issue to correct a clear abuse of discretion by the trial court where there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839. A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.* A failure to properly apply the principle of comity when requested to stay the later of two actions pending in different states constitutes an abuse of discretion. *See, e.g., Evans v. Evans,* 186 S.W.2d 277, 279 (Tex. App.-San Antonio 1945, no writ).

■ In addressing whether there is an adequate remedy by appeal, the Texas Supreme Court has recently explained that the word "adequate" has no comprehensive definition; it is simply a reference to the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding). These considerations implicate both public and private interests. *Id.*

Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation. *Id.* However, mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. *Id.* An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *Id.* Conversely, when the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *Id.*

### ABUSE OF DISCRETION

■ State Farm contends that by denying the stay of the later action, the trial court violated the principle of comity, which constituted a clear abuse of its discretion.[4]

### *Applicable Law*

■ It is well settled that the mere pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another, even though both suits are between the same parties and involve the same subject matter. *Ev-*

---

4. The document filed by State Farm was entitled "Plea in Abatement." A stay is the proper form of relief when two identical suits are filed in different states and the principle of comity is invoked. *Evans,* 186 S.W.2d at

278–79. Therefore, in this opinion we refer to the plea in abatement as a request or a motion to stay the later action. *See Crown Leasing Corp. v. Sims,* 92 S.W.3d 924, 928 (Tex.App.-Texarkana 2002, no pet.).

*ans*, 186 S.W.2d at 279. The reason for the rule is that every state is entirely sovereign and unrestricted in its powers, whether legislative, judicial, or executive, and it therefore does not acknowledge the right of any other state to hinder its own sovereign acts or proceedings. *Mills v. Howard*, 228 S.W.2d 906, 907 (Tex.App.-Amarillo 1950, no writ). As a matter of comity, however, it is the custom for the court in which the later action is instituted to stay proceedings therein until the prior action is determined, or at least for a reasonable time.[5] *Id.* at 908. This custom has practically grown into a general rule that strongly urges the duty to do so upon the court in which the later action is instituted. *Id.; see also VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex.1993)(where identical suits are pending in different states, principle of comity generally requires stay of later action). Stated another way, it is generally appropriate for courts to apply the principle of comity where another court has exercised jurisdiction over the matter and where the states agree about the public policy at issue. *Bryant v. United Shortline Inc. Assurance Services., N.A.*, 972 S.W.2d 26, 31 (Tex.1998).

Once stayed, the later action remains pending until the judgment in the prior action becomes final. *See id.* When, as here, the plaintiffs are the same in both actions, a final judgment favorable to the plaintiffs in the prior action eliminates the need to proceed with the later action. *See id.* On the other hand, a final judgment favorable to the defendant may be pleaded in bar of the later action. *See id.* Thus, the prudent course is to request a stay of the later action and allow the court in which the prior action is pending to reach a final determination of the issues.[6] *See Alford v. Thornburg*, 113 S.W.3d 575, 580 (Tex.App.-Texarkana 2003, no pet.).

A resolution of the abuse of discretion question necessarily demands a close inspection of the two pending actions. *Nowell v. Nowell*, 408 S.W.2d 550, 553 (Tex.Civ.App.-Dallas 1966, writ dism'd w.o.j.). To obtain a stay of the later action, it is, as a general rule, necessary that the two suits involve the same cause of action, concern the same subject matter, involve the same issues, and seek the same relief. *Id.* One test to determine whether the causes of action are identical is to ascertain whether the parties could obtain all the relief in the prior suit that they would be entitled to in the subsequent action. *Id.*

Additional factors include, but are not limited to, (1) which action was filed first; (2) whether the parties are the same in both actions; and (3) the effect of a judgment in the later action on any order or judgment entered in the prior action. *See, e.g., Crown Leasing Corp. v. Sims*, 92 S.W.3d 924, 927 (Tex.App.-Texarkana 2002, no pet.) (trial court considered which suit filed first and effect order in later action would have on order entered in prior action); *Project Eng'g USA Corp. v. Gator Hawk, Inc.*, 833 S.W.2d 716, 725 (Tex.App.-Houston [1st Dist.] 1992, no writ) (trial court considered which suit filed first, whether there was complete identity of parties and issues in both suits,

---

5. Comity has been frequently defined as the recognition that one sovereignty allows within its territory to the legislative, executive, or judicial act of another sovereignty, having due regard to the rights of its own citizens. *Nowell v. Nowell*, 408 S.W.2d 550, 553 (Tex.Civ. App.-Dallas 1966, writ dism'd w.o.j.).

6. The real parties state that the Louisiana judgment will not become final for purposes of res judicata until the appeal is concluded. State Farm does not controvert this statement.

and time between filing plea in abatement and scheduled trial); *Evans*, 186 S.W.2d at 279 (trial court considered whether two suits involved same action and same parties and what effect order in later action would have on order entered in prior action).

### Application of Law to Facts

 We first note that both actions arise out of a motor vehicle collision that occurred in Sabine Parish, Louisiana and involved the real parties and Ms. Remedies. Ms. Remedies is a Louisiana resident, and the accident was investigated by Louisiana police officers. With the exception of the real parties, all persons with knowledge of the events and circumstances pertaining to the motor vehicle collision are Louisiana residents. The real parties point out that they are Texas residents, that their medical treatment after the date of the collision has been rendered by Texas physicians in Texas, and that State Farm is doing business in Sabine County and sold the insurance policy at issue to Ms. Morrison in Sabine County. Nonetheless, the action as originally filed was primarily a Louisiana matter, and the real parties' choice of Louisiana as a forum was proper. State Farm is now the sole defendant in the prior action and is also the sole defendant named in the later action. In both actions, the real parties assert an underinsured motorist claim against State Farm. Consequently, the issues are the same in both actions, and the real parties can obtain all the relief in the prior action that they seek in the later action. The real parties do not contend that public policy differences exist between Texas and Louisiana on the issues involved.

The later action was not filed until after the real parties settled their claim against Allstate in the prior action. At the time the later action was filed, State Farm had incurred legal expenses in the prior action, received and responded to written discovery, and conducted six depositions of parties and witnesses. State Farm called the Louisiana trial court's attention to these facts in opposition to the real parties' motion to dismiss the prior action without prejudice. After a hearing, the trial court signed an order denying the real parties' motion to dismiss without prejudice. If the later action proceeds on the merits, this would effectively supplant the Louisiana court's denial of the real parties' motion to dismiss without prejudice.

State Farm's request for stay was filed promptly and did not cause any delay in the later action. The trial court in the later action did not rule on State Farm's request for a stay until after the real parties' motion to dismiss was denied. Nothing in the record indicates that the trial court in the later action had previously exercised jurisdiction over the matter. The prior action proceeded to trial, and State Farm incurred additional legal expenses for trial of the matter. A judgment was signed in favor of State Farm on November 29, 2005. Thus, the Louisiana trial court was not only the first court to exercise jurisdiction in the matter, but the first to proceed to trial and judgment. The real parties appealed, invoking the jurisdiction of a second Louisiana court. The appeal has been pending approximately five months. The real parties do not suggest that they expect any extraordinary delay in the resolution of the appeal.

The real parties argue that the trial court properly exercised its discretion because (1) as Texas citizens, the real parties should have the right to choose the forum in which their claims against State Farm will be litigated; (2) the convenience of the parties and witnesses will be served by a trial in Sabine County; (3) State Farm is doing business in Sabine County; and (4)

State Farm sold the insurance policy at issue to Ms. Morrison in Sabine County. We acknowledge the general rule that as long as the forum is a proper one, it is the plaintiff's privilege to choose the forum. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988). However, a strict application of this rule would preclude application of the principle of comity in situations such as the one presented here. We also recognize that the considerations identified by the real parties are appropriate when initially determining where to file suit. However, as shown by the cases cited above, the factors for determining whether the later of two actions filed in different states should be stayed based upon comity are different. Moreover, the prior action has proceeded to judgment; therefore, the relative convenience of the two forums is not pertinent.

In summary, the Louisiana action was filed first. Both actions involve the same parties, the same subject matter, the same issues, the same cause of action, and the same ultimate relief. The Louisiana trial court determined that the real parties were not entitled to dismiss the prior action with prejudice, and a judgment in the later action would render that ruling ineffective. State Farm did not delay the later action by filing a request for stay. The prior action has proceeded to trial and judgment. The real parties appealed the judgment and do not suggest that any delay in the resolution of the appeal is anticipated. All persons with knowledge of the events and circumstances pertaining to the motor vehicle collision are Louisiana residents. These factors require a stay of the later action. Therefore, the trial court's failure to grant the requested stay constitutes an abuse of discretion.

### ADEQUACY OF APPELLATE REMEDY

State Farm contends that appeal is an inadequate remedy to challenge the trial court's order. The real parties do not dispute this contention.

Appeals may be taken from final judgments, *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex.1993), and from such interlocutory orders as the legislature has deemed appealable. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2005). The order challenged here is neither a final judgment nor an appealable interlocutory order. Consequently, the trial court's order is not immediately appealable. However, the trial court's error can only be rectified by immediate review. *See In re Prudential,* 148 S.W.3d at 138. If the later action proceeds to trial and State Farm prevails, it will not appeal, and its right to a stay is lost forever. If the real parties prevail, State Farm cannot obtain a reversal for the incorrect denial of a stay "unless the court of appeals concludes that the error complained of ... probably caused the rendition of an improper judgment." *Id.; see also* TEX. R.APP. P. 44.1(a)(1). Even if State Farm could somehow obtain reversal based on the denial of its motion, its right to a stay could not be recovered. *See In re Prudential,* 148 S.W.3d at 138. Further, if immediate review of trial court's order is not available, the principle of comity as it applies in situations similar to the one before us would be rendered meaningless. Therefore, we hold that State Farm has no adequate remedy by appeal.

### CONCLUSION

Having held that the trial court abused its discretion and that appeal is an inadequate remedy, we ***conditionally grant*** the writ of mandamus. We are confident, however, that the trial court will vacate its order denying State Farm's motion to reconsider the order denying State Farm's request to stay trial court cause number

11,735 and enter an order granting reconsideration and staying further proceedings until final judgment in the prior action. The writ will issue only if the trial court fails to do so *within ten days* of the date of this opinion and corresponding order. Immediately upon compliance with our order, the trial court shall furnish the Clerk of this Court a certified copy of its order evidencing such compliance. Our stay of the trial court proceedings is lifted.