

# NUMBER 13-08-00438-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BINA SHAHANI,                                                                    Appellant,

v.

AZHAR SAID,                                                                       Appellee.

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

This is an appeal from a decree ordering the annulment of the marriage between

appellant, Bina Shahani, and appellee, Azhar Said. We modify the decree of annulment,

and as modified, affirm.

## I. BACKGROUND

Shahani and Said were married in Santa Fe, New Mexico, on December 21, 2004. On August 4, 2007, in New Mexico, Said sued Shahani for fraud and conversion. Shahani answered the suit and counterclaimed for divorce. The New Mexico court entered temporary and interim domestic and support orders. This lawsuit (the "New Mexico litigation") will be discussed more fully herein.

On September 26, 2007, Said filed an action for annulment in Texas (the "Texas litigation"). Shahani filed a plea in abatement based on the New Mexico litigation, claiming that "the issues and parties in the case . . . are the same as those in this action." Shahani also filed an amended special appearance on grounds that she was a resident of New Mexico and the court lacked personal jurisdiction or subject matter jurisdiction under sections 6.305 and 6.306 of the Texas Family Code. *See generally* TEX. FAM. CODE ANN. §§ 6.305, 6.306 (Vernon 2006).

On March 13, 2008, the New Mexico court granted the divorce in an interlocutory order. On April 14, 2008, the Texas court granted annulment of the marriage. This appeal ensued. Shahani raises five issues, contending that: (1) the Texas court lacked subject matter jurisdiction because litigation involving the same parties and issues was pending in New Mexico litigation; (2) the Texas court lacked in personam jurisdiction; (3) the Texas forum was inconvenient in light of travel constraints and the unavailability of witnesses; (4) the annulment is not supported by the evidence; and (5) Texas and New Mexico public policy do not allow annulment under these circumstances.

## II. THE NEW MEXICO LITIGATION

In her first issue, Shahani alleges that the Texas court lacked subject matter jurisdiction because litigation involving the same parties and issues was pending in New

2

Mexico.[1]

As an initial matter, we note that Shahani couches her argument and utilizes authority applying the doctrine of dominant jurisdiction. However, the doctrine of dominant jurisdiction does not apply to suits pending in other states. *See Ex parte Jabara*, 556 S.W.2d 592, 596 (Tex. Civ. App.–Dallas 1977, orig. proceeding). Rather, we apply the doctrine of comity, which, while not a constitutional obligation, is "a principle of mutual convenience whereby one state or jurisdiction will give effect to the laws and judicial decisions of another." *In re AutoNation, Inc.*, 228 S.W.3d 663, 670 (Tex. 2007) (orig. proceeding) (quoting *Gannon v. Payne*, 706 S.W.2d 304, 306 (Tex. 1986)). When a matter is first filed in another state, the general rule is that Texas courts stay the later-filed proceeding pending adjudication of the first suit. *See id.*

However, the mere pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another, even though both suits are between the same parties and involve the same subject matter. *In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 902 (Tex. App.–Tyler 2006, orig. proceeding); *Evans v. Evans*, 186 S.W.2d 277, 279 (Tex. App.–San Antonio 1945, no writ). The reason for the rule is that every state is entirely sovereign and unrestricted in its powers, whether legislative, judicial, or executive, and each state therefore does not acknowledge the right of any other state to hinder its own sovereign acts or proceedings. *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *Mills v. Howard*, 228 S.W.2d 906, 907 (Tex. App.–Amarillo 1950, no writ). Where identical suits are pending in different states, the principle of comity generally requires the later-filed suit to be abated. *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84

---

[1] Shahani raised the issue of the New Mexico litigation in a "plea in abatement;" however, a stay is the proper form of relief when two identical suits are filed in different states and the principle of comity is invoked. *In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 902 (Tex. App.–Tyler 2006, orig. proceeding); *Evans v. Evans*, 186 S.W.2d 277, 278-9 (Tex. App.–San Antonio 1945, no writ). The distinction is not, however, relevant to our analysis.

(Tex. 1993) (per curiam); *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *Mills*, 228 S.W.2d at 908. It is generally appropriate for courts to apply the principle of comity where another court has exercised jurisdiction over the matter and where the states agree about the public policy at issue. *Bryant v. United Shortline Inc. Assurance Services., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998).

We review a trial court's decision regarding an issue of comity under an abuse of discretion standard. *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *see Nowell v. Nowell*, 408 S.W.2d 550, 553 (Tex. Civ. App–Dallas 1966, writ dism'd w.o.j.). To obtain a stay of the later action, it is generally necessary that the two suits involve the same cause of action, concern the same subject matter, involve the same issues, and seek the same relief. *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *Nowell*, 408 S.W.2d at 553. One test to determine whether the causes of action are identical is to ascertain whether the parties could obtain all the relief in the prior suit that they would be entitled to in the subsequent action. *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902. Additional factors include, but are not limited to: (1) which action was filed first; (2) whether the parties are the same in both actions; and (3) the effect of a judgment in the later action on any order or judgment entered in the prior action. *See id.* (citing *Crown Leasing Corp. v. Sims*, 92 S.W.3d 924, 927 (Tex. App.–Texarkana 2002, no pet.); *Project Eng'g USA Corp. v. Gator Hawk, Inc.*, 833 S.W.2d 716, 725 (Tex. App.–Houston [1st Dist.] 1992, no writ); *Evans*, 186 S.W.2d at 279).

The New Mexico litigation, which was filed before the Texas litigation, was filed by Abbasid, Inc., and its sole shareholder, Said, against Shahani and her cousin, Dina Advani, based on allegations that Shahani and Advani misappropriated funds from a rug store

4

owned and operated by Abbasid, Inc. Abbasid, Inc. and Said alleged causes of action for fraud, breach of fiduciary duty, conversion, aiding and abetting tortious acts, and civil conspiracy. Shahani answered and filed counterclaims, a request for divorce, and third party actions against Phoenician Imports, Inc., Manohar Patel, Anthony Sawtell, David Osuna, and John Does 1-10, including causes of action for, inter alia, conversion, intentional infliction of emotional distress, defamation, and racketeering.

The Texas litigation was filed by Said seeking annulment of his marriage to Shahani based on grounds of fraud or duress. Both appellant and appellee assert that New Mexico law does not permit the annulment of a marriage based on these grounds.

While there are some similarities between the Texas and New Mexico lawsuits, we cannot conclude that comity required abatement of the Texas litigation, as it would if the lawsuits were identical. *VE Corp.*, 860 S.W.2d at 84. The two lawsuits involve different causes of action and different parties. *See State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *Nowell*, 408 S.W.2d at 553. Moreover, Said could not obtain his requested relief of annulment in the New Mexico litigation. Accordingly, the trial court did not abuse its discretion in refusing to stay the Texas litigation.

III. IN PERSONAM JURISDICTION

In her second issue, Shahani alleges that the Texas court lacked personal jurisdiction over her. Under section 6.306 of the Texas Family Code, a suit for annulment of a marriage may be maintained in this state only if the parties were married in this state or if either party is domiciled in this state. *See* TEX. FAM. CODE ANN. § 6.306(a). A suit for annulment is a suit in rem, affecting the status of the parties to the marriage. *See id.* § 6.306(b). Personal jurisdiction over the respondent is not, therefore, required in order to

5

annul the marriage or declare it void.  *See id*.

According to Shahani, Texas Family Code section 6.306 only gave the Texas court in rem jurisdiction to grant an annulment, and the court lacked jurisdiction to make property determinations.  *Id.*  A court may not make orders binding the respondent regarding matters such as division of property outside the state, temporary alimony, child support, and other personal obligations unless the respondent has at least minimum contacts with Texas.  *See Shaffer v. Heitner*, 433 U.S. 186, 199 (1977); *Dawson-Austin v. Austin*, 968 S.W.2d 319, 324-328 (Tex. 1998).

In the instant case, Said testified without contradiction that he was a resident of McAllen, Texas and was domiciled there.  The family code requires nothing more.  *See id.* In terms of property division, the decree of annulment at issue provides that "no community property other than personal property was accumulated during the existence of the marriage, nor does any community property exist between AZHAR SAID and BINA SHAHANI other than personal effects."  Accordingly, as a whole, the order does not require in personam jurisdiction over Shahani.  However, the order also provides that "each party take as his or her sole and separate property all the personal effects that are presently in his or her possession," and further take "all the property that is presently lawfully in his or her possession."  To the extent that these portions of the order improperly affect property determinations or divisions regarding property outside the state, we delete these provisions of the decree.  This issue is overruled in part and sustained in part.

IV. FORUM NON CONVENIENS

In her third issue, Shahani argues that the Texas forum was inconvenient in light of travel constraints and the unavailability of witnesses.  She contends that "her forum non

conveniens arguments raised in her special appearances were denied without an evidentiary hearing."

Forum non conveniens is an equitable doctrine exercised by courts to prevent the imposition of an inconvenient jurisdiction on a litigant. *Exxon Corp. v. Choo*, 881 S.W.2d 301, 302 (Tex. 1994). A trial court will exercise the doctrine of forum non conveniens when it determines that, for the convenience of the litigants and witnesses and in the interest of justice, the action should be instituted in another forum. *See id.*

This case involves an application of the common-law doctrine of forum non conveniens. *See generally Sarieddine v. Moussa*, 820 S.W.2d 837, 840-41 (Tex. App.–Dallas 1991, writ denied). Our standard of review is abuse of discretion. *See id.* at 841. The defendant bears the burden of raising the doctrine of forum non conveniens by filing a motion to dismiss, and the defendant generally bears the burden of demonstrating that the plaintiff's choice of forum should not be honored. *Id.*

Shahani did not file a motion to dismiss based on forum non conveniens. Based on Shahani's amended special appearance, the totality of Shahani's allegations to the trial court regarding the application of the doctrine of forum non conveniens are:

> Further, if the Court finds that Texas is an inconvenient forum or that Petitioner has engaged in conduct that causes this Court to decline jurisdiction, Respondent asks that the Court require Petitioner to pay necessary travel and other expenses, including attorney's fees . . . .

We conclude that Shahani failed to adequately present this issue to the trial court for its consideration, and accordingly, we overrule this issue. *See generally* TEX. R. APP. P. 33.1.

## V. ANNULMENT

In her fourth issue, Shahani contends that the annulment is not supported by the

7

evidence.  A trial court may grant an annulment of a marriage to a party to the marriage if (1) the other party used fraud, duress, or force to induce the petitioner to enter into the marriage; and (2) the petitioner has not voluntarily cohabited with the other party since learning of the fraud or since being released from the duress or force.  TEX. FAM. CODE ANN. § 6.107 (Vernon 1998). In the instant case, the trial court made findings and conclusions that Shahani induced Said "to marry her by fraud and/or duress," and Said did not cohabit with Shahani after learning of the fraud or being released from the duress or force.

A trial court's findings of fact are reviewed for legal and factual sufficiency of the evidence under the same legal standards applied to review jury verdicts for legal and factual sufficiency of the evidence.  *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *M.D. Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). In considering whether the evidence is legally sufficient, we consider only the evidence and inferences tending to support the trial court's findings and disregard all evidence to the contrary.  *M.D. Anderson*, 806 S.W.2d at 794-95.  We must consider evidence in the light most favorable to the trial court's findings and indulge every reasonable inference that would support them. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).  In our review, we must credit favorable evidence if a reasonable trier of fact could, and disregard contrary evidence unless a reasonable trier of fact could not.  *See id.* at 827.  However, we must not substitute our judgment for that of the trial court as long as the evidence falls within the zone of reasonable disagreement.  *See id.* at 822.

In reviewing factual sufficiency, we must weigh all of the evidence in the record. *Ortiz*, 917 S.W.2d at 772.  Findings may be overturned only if they are so against the great

8

weight and preponderance of the evidence as to be clearly wrong and unjust. *Id*. However, when the appellate record contains a reporter's record, findings of fact are not conclusive on appeal if the contrary is established as a matter of law or if there is no evidence to support the finding. *Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 257 (Tex. App.–Houston [14th Dist.] 2003, pet. denied).

We review the trial court's conclusions of law de novo. *Id*. The standard of review for conclusions of law is whether they are correct. *Id.* We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence supports. *Id.* Thus, incorrect conclusions of law do not require reversal if the controlling findings of fact support the judgment under a correct legal theory. *Id.*

In the instant case, testimony before the trial court indicated that Shahani married Said for financial gain and so she could remain in the United States on a marriage visa. Witnesses testified that Shahani began stealing from Said and the store prior to their marriage and that she continued committing theft by fraud after the marriage. The trial court may have inferred from the testimony of the witnesses that Shahani married Said to obtain greater access to his funds.

A witness testified that Shahani told her that she had "tricked" Said into marrying her and that Shahani "needed" to marry a "rich man." Shahani openly dated other men during the marriage, and represented to others that Said was like a "father" to her, or told them that Said was her uncle. Further, Shahani told Said that she would abort their unborn son if he did not marry her, although she was not pregnant at the time.

Shahani presented no evidence refuting the foregoing testimony. Said testified that he did not live with Shahani after he discovered the fraud.

9

Based on the foregoing, the trial court had before it sufficient evidence to support the trial court's finding that Shahani induced Said to marry her "in order to convert funds . . . among other reasons." There was legally and factually sufficient evidence from which to grant the annulment. We overrule Shahani's fourth issue.

## VI. PUBLIC POLICY

In her fifth and final issue, Shahani alleges that Texas and New Mexico public policy do not allow annulment under these circumstances. Shahani contends that "Texas recognizes a very strong presumption, the strongest known to law, in favor of the validity of marriage," and that New Mexico does not recognize fraud as a ground for annulment. Because Shahani failed to raise this argument to the trial court, she has not preserved error. *See* TEX. R. APP. P. 33.1(a).

## VII. CONCLUSION

Having sustained, in part, Shahani's second issue, we modify the final decree of annulment to delete the sections providing that "each party take as his or her sole and separate property all the personal effects that are presently in his or her possession," and further take "all the property that is presently lawfully in his or her possession," to the extent that these portions of the order improperly attempt to affect property determinations or divisions regarding property outside the state. We affirm the decree as modified. *See* TEX. R. APP. P. 43.2(b).

ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed on this the 18th day of June, 2009.

10