**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 25, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00500-CV

## IN RE COOPER INDUSTRIES, LLC AND COOPER US, INC., Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-77606**

## MEMORANDUM OPINION

Relators Cooper Industries, LLC and Cooper US, Inc. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Larry Weiman, presiding judge of the 80th District Court of Harris County, to set aside his May 23, 2013, order denying their plea to the jurisdiction and to dismiss the underlying suit. Relators' plea raised the principle of comity, asserting that a New

York state court should maintain jurisdiction over the underlying case.[1] Relators also filed a motion for a temporary stay of discovery pending this proceeding, which this court denied.

The real party-in-interest, Pepsi-Cola Metropolitan Bottling Co., Inc. (Pepsi), filed suit in Texas in December of 2011, to challenge a February 1, 2011 settlement agreement, which resulted in a trust approved by a New York court providing "hundreds of millions of dollars" for the defense and payment of asbestos claims.[2] At issue in the underlying case are the funds for claims against Pneumo Abex LLC, which has indemnity obligations to Pepsi.[3] Cooper's indemnity obligations to Pneumo Abex were released in the settlement agreement. Pepsi alleges that the settlement constitutes tortious interference with its indemnity contract, conversion of its property rights, and a fraudulent transfer. Pepsi claims that the settlement fund was the result of a collusive agreement, and it was created to terminate indemnity obligations, including those that benefit Pepsi. It asserts that the fund was intentionally underfunded to defraud Pepsi. Relators argue that the relief Pepsi seeks contradicts the terms of the settlement and would effectively terminate it.

---

[1] A plea to the jurisdiction is not the proper pleading in which to raise comity. We must give effect to the substance of a pleading, rather than its title or form. *In re S.A.M.*, 321 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Relators raised comity before the trial court, albeit as part of plea requesting dismissal based alternatively on New York's exclusive jurisdiction and forum non conveniens; accordingly, we consider their comity arguments in this proceeding.

[2] *See Pepsi-Cola Metro. Bottling Co. v. Cooper Indus., LLC, et al,* Cause No. 2011-77606 in the 80th District Court in Harris County, Texas.

[3] This brief summary of the indemnity obligations at issue in the litigation provides only general facts relevant to the comity analysis. We recognize that this opinion does not address all the claims between the parties or the "complicated series of corporate sales, mergers, and name changes" at issue in the court below.

To be entitled to the extraordinary relief of a writ of mandamus, relators must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010); *In re Cerberus Capital Mgmt., LP.*, 164 S.W.3d 379, 382 (Tex. 2005). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008). Mandamus is appropriate to preserve the principles of comity. *See In re BP Oil Supply Co.*, 317 S.W.3d 915, 922 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (granting mandamus to stay Texas suit pending resolution of first-filed suit in Delaware).

The principle of comity generally requires the abatement of the later-filed suit of two similar suits pending in different states. *VE Corp. v. Ernst & Young,* 800 S.W.2d 83, 84 (Tex. 1993). Once stayed, the later action remains pending until the judgment in the prior action becomes final. *Id.; see also In re AutoNation, Inc.,* 228 S.W.3d 663, 670 (Tex. 2007) (stating doctrine of comity is not a constitutional obligation or matter of right, but is a "principle of mutual convenience" recognized by Texas courts).

We must compare the two pending actions in order to determine whether the trial court abused its discretion in failing to stay the Texas proceeding based on comity. *See In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 901 (Tex. App.—Tyler 2006, orig. proceeding). To obtain a stay of a subsequent suit, it is generally necessary that the two suits involve the same cause of action, concern the same subject matter, involve the same issues, and seek the same relief. *Id.* In

3

addition, a court may consider which action was filed first, whether the parties are the same in both actions, and the effect of a judgment in the later action on any order or judgment entered in the prior action. *Id.*

Consideration of these factors weighs against staying the Texas suit. The suits involve different causes of action, different issues, and seek different relief. Pepsi was not a party to the New York suit. Pepsi alleges tortious acts orchestrated in Houston, including tortious interference, conversion, and fraudulent transfer; none of these claims were at issue in the New York suit. Pepsi seeks injunctive relief and damages, and it asserts that it is not attacking the validity of the settlement agreement.

Moreover, the New York litigation has concluded. This court's *BP Oil Supply Co.* mandamus case, cited by relators, concerned two *pending* suits in different states. *See In re BP Oil Supply Co.*, 317 S.W.3d at 917-18 (stating competing suits were filed the same day). Likewise, in the *State Farm* mandamus case, also cited by relators, the court addressed two pending suits. *See In re State Farm,* 192 S.W.3d at 899. The settlement agreement in the New York litigation was signed February 1, 2011, and approved by the New York court on February 17, 2011.[4] Relators assert that the New York court maintains jurisdiction over the settlement funds. *See* 26 C.F.R. § 1.468B-1(c). At the hearing approving the settlement, the New York trial judge stated that his court would "continue to have jurisdiction over *this action and settling parties* with respect to any further matters

---

[4] Relators allege in their mandamus petition that Pepsi's counsel knew about the settlement and was present at the hearing, yet he remained silent and chose not to intervene. The record indicates that Pepsi learned of the settlement agreement on February 7, 2011, after its execution, from public SEC filings. The record further indicates that Pepsi immediately objected to the settlement and requested information necessary to understand the financial impact of the proposed transaction. The parties disagree about the potential impact of the settlement on Pepsi. We do not consider disputed facts on mandamus review. *See In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006). Moreover, resolution of this dispute is not necessary to our comity review.

that might arise out of the settlement agreement . . . ." (emphasis supplied). As we have discussed, Pepsi was not a party to the New York action. Accordingly, Pepsi's suit is not required to be litigated in the New York court.

Under the facts presented, comity does not require abatement of the Texas suit. *See Bryant v. United Shortline Inc. Assur. Services, N.A.*, 972 S.W.2d 26, 30-31 (Tex. 1998) (holding that Texas court was not required, under the comity doctrine, to defer to Tennessee court with exclusive jurisdiction over assets of an insolvent insurer because there had been no adjudication that assets at issue belonged to the insolvent insurer). Relators have not established that the trial court abused its discretion in denying their request for dismissal of the underlying suit based on principles of comity. Accordingly, we deny the petition.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Frost and Donovan.