

# NUMBERS 13-19-00545-CV & 13-19-00547-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FRAUDULENT HOSPITAL LIEN LITIGATION

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

Relators, plaintiffs in a multidistrict litigation (MDL) proceeding filed a petition for writ of mandamus and emergency motion in these causes on October 22, 2019.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Through this original proceeding, relators seek to compel the MDL pretrial court[2] to comply with the automatic stay provided by § 51.014(b) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b). We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

This case arises from an MDL proceeding regarding claims that certain medical liens filed pursuant to the Texas Property Code were fraudulent. *See* TEX. PROP. CODE ANN. §§ 55.001–.008 (governing hospital and emergency medical services liens). Plaintiffs below and relators herein are former emergency room patients who assert that they were injured in accidents caused by the negligence of third parties. They allege that the real parties in interest[3] filed fraudulent hospital liens to collect payment for the medical services provided to the relators. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002 (providing for civil liability related to "a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property"). In the MDL proceeding, some of the real parties in interest filed multiple and/or consolidated motions to dismiss the relators' claims against them under the Texas Citizens Participation Act (TCPA). *See id.* §§ 27.001–.011. The MDL pretrial court ultimately denied TCPA motions to dismiss in two cases, resulting in two interlocutory appeals currently pending in this Court in cause numbers 13-19-00461-

---

[2] The Judicial Panel on Multi-District Litigation transferred the underlying cases and all related tag-along cases for pretrial purposes to the respondent, the Honorable David Sanchez of the 444th District Court of Cameron County, Texas. *See id.* R. 52.2.

[3] Real parties in interest are Universal Health Services, Inc.; UHS of Delaware, Inc.; McAllen Hospitals, L.P.; Douglas Turek; Russell Devore; MedData, Inc. d/b/a Alegis Revenue Group, LLC; Northwest Texas Healthcare System, Inc.; Baptist St. Anthony's Health System d/b/a BSA Health System; Alegis Revenue Group, LLC; Doctors Hospital of Laredo, LP; Laredo Texas Hospital Company, L.P. d/b/a Laredo Medical Center; and Professional Account Services, Inc.

2

CV and 13-19-00462-CV. The MDL pretrial court thereafter continued to set and conduct hearings on other pending TCPA motions to dismiss.

This original proceeding ensued. Relators contend that the MDL pretrial court has "refused to honor" the automatic stay of all other proceedings pending in the MDL. By two issues, relators contend that: (1) the stay of proceedings imposed by § 51.014(b) after the pending interlocutory appeals were filed applies to proceedings "in all other individual cases consolidated for pretrial in an MDL where the issues of fact and law common to all related cases" are pending review by interlocutory appeal, and (2) the MDL pretrial court abused its discretion by conducting a hearing on October 16, 2019, on TCPA motions to dismiss "seeking dismissal of 868 consolidated cases, and by setting an additional 26 TCPA Motions to Dismiss in 868 consolidated cases, setting the stage for a total of 44 interlocutory appeals in 868 individual consolidated cases to this Court."

Relators sought emergency relief in connection with these original proceedings. By order issued on October 23, 2019, this Court granted relators' emergency motions for stay in the instant original proceedings, and we ordered the MDL pretrial court to stay all pending matters in that court. On October 28, 2019, the real parties in interest filed motions in these original proceedings requesting that we reconsider our October 23, 2019 order and lift the stay, or alternatively, that we clarify our October 23, 2019 order. We denied the real parties' motions to lift the stay and granted their motions for reconsideration. We clarified that all proceedings in these causes were stayed "and remain on hold including legal deadlines applicable to any party pending further order of the Court or resolution of these original proceedings." *See* TEX. R. APP. P. 52.10(b)

3

("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."); *In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (orig. proceeding) (explaining that § 51.014(b) "contains no exceptions to its mandatory stay of 'all other proceedings in the trial court pending resolution of that appeal'").

This Court further requested that the real parties in interest, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus in these causes. *See* TEX. R. APP. P. 52.4, 52.8. MedData, Inc. filed a response, as did McAllen Hospitals, L.P., Universal Health Services, Inc., and UHS Delaware, Inc. Russell DeVore and Douglas Turek filed a joinder in these responses.

## II. MANDAMUS

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of*

4

*Am.*, 148 S.W.3d at 136.

### III. ANALYSIS

The Texas Civil Practice & Remedies Code provides for an interlocutory appeal of an order that denies a motion to dismiss filed under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.04(a)(12). Section 51.014(b) provides that an interlocutory appeal of such an order stays the commencement of a trial pending resolution of the appeal and "also stays all other proceedings in the trial court pending resolution of that appeal." *Id.* § 51.014(b).

Multiple courts have concluded that the stay of trial court proceedings delineated in § 51.014 is "statutory" and "allows no room for discretion." *Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex. App.—San Antonio 2001, no pet.); *see In re Univ. of the Incarnate Word*, 469 S.W.3d 255, 259 (Tex. App.—San Antonio 2015, orig. proceeding); *In re Tex. Educ. Agency*, 441 S.W.3d 747, 750 (Tex. App.—Austin 2014, orig. proceeding); *see also Swanson v. Town of Shady Shores*, No. 02-15-00351-CV, 2016 WL 4395779, at *4 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (mem. op.); *In re Bliss & Glennon, Inc.*, No. 01-13-00320-CV, 2014 WL 50831, at *2 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, orig. proceeding) (mem. op.). Accordingly, the trial court abuses its discretion by entering orders and conducting proceedings during the pendency of a stay under § 51.014. *See In re Univ. of the Incarnate Word*, 469 S.W.3d at 259; *In re Tex. Educ. Agency*, 441 S.W.3d at 750.

Our sister court in Austin has determined that the automatic stay applicable to interlocutory appeals operates to stay proceedings in all of the cases transferred to an MDL pretrial court, not just the proceedings in the individual cases in which a party has

5

filed an interlocutory appeal. *See In re Volkswagen Clean Diesel Litig.*, No. 03-16-00718-CV, 2017 WL 160919, at *1 (Tex. App.—Austin Jan. 11, 2017, no pet.) (per curiam order). The Third Court of Appeals reasoned as follows:

> "An interlocutory appeal [of an order granting or denying a plea to the jurisdiction by a governmental unit] stays the commencement of a trial in the trial court proceeding" and, relevant here, "stays all other proceedings in the trial court" pending final determination of the appeal. The State argues that this provision stays proceedings only in those causes of action in which the State has filed an interlocutory appeal, and not the proceedings in those causes where no appeal has been taken. But even in a limited legal context, the word "proceeding" requires broad interpretation. It can encompass "the various stages of the progress of a lawsuit," or it can extend beyond the parameters of a single "lawsuit" or "action" to refer generally to "the business conducted by a court." Considering the automatic-stay provision in the context of MDL pre-trial litigation—i.e., several separate causes of action transferred to a district court for consolidated or coordinated consideration of pre-trial matters—"all other proceedings in the trial court" necessarily encompasses all the activities and hearings in the MDL pretrial court case, not only the proceedings in the individual causes of action before the MDL pretrial court that are subject to the State's interlocutory appeal. And in fact, the MDL pre-trial court here treats these cases as one, having docketed the cases under a single cause number. Moreover, to interpret this provision otherwise would seriously hamper the purposes of "promot[ing] the just and efficient conduct of the [transferred] cases" as espoused by the MDL rules.

*Id.* at *1 (internal footnotes and citations omitted). We agree with this rationale and determination. The stay provided by § 51.014 applies to "all other proceedings in the trial court," and relevant authority regarding the interpretation of the term "proceedings" is expansive. *See, e.g., Mellon Serv. Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 868 (Tex. App.—Houston [14th Dist.] 1997, no writ). We note, in this regard, that the pretrial MDL court has the authority to decide "all pretrial matters in all related cases transferred to the court." TEX. R. JUD. ADMIN. 13.6. Accordingly, we conclude that the automatic stay applies to stay proceedings in all of the cases transferred to the MDL pretrial court, not just the proceedings in the individual cases subject to interlocutory appeal. *See* TEX. CIV.

6

PRAC. & REM. CODE ANN. § 51.014; *see also In re Volkswagen Clean Diesel Litig.*, 2017 WL 160919, at *1. Accordingly, the MDL pretrial court abused its discretion in continuing to set hearings and make rulings in relators' cases after the interlocutory appeals were filed and the automatic stay ensued. *See In re Univ. of the Incarnate Word*, 469 S.W.3d at 259; *In re Tex. Educ. Agency*, 441 S.W.3d at 750.

Having concluded that the MDL pretrial court abused its discretion, we must consider whether the relators have an adequate remedy by appeal. The orders and proceedings that have taken place after the automatic stay ensued are not subject to immediate appeal, and the hearings that were held and orders signed by the MDL pretrial court extinguish the relators' "statutory right to the automatic stay of all trial court proceedings under section 51.014, which cannot be recovered by appeal." *In re Tex. Educ. Agency*, 441 S.W.3d at 750–51; *see In re Univ. of the Incarnate Word*, 469 S.W.3d at 259 (stating that the right to a stay under § 51.014 "once violated, cannot be recovered by appeal"); *In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 903 (Tex. App.—Tyler 2006, orig. proceeding) (concluding that the relator lacked an adequate remedy by appeal because the denial of its right to a stay could not be recovered once it was lost). Balancing the benefits of mandamus review against the detriments, we conclude that relators lack an adequate remedy by appeal to address the MDL pretrial court's error. *See In re Essex Ins. Co.*, 450 S.W.3d at 528; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the responses, and the applicable law, is of the opinion that the relators have met their

burden to obtain relief. The trial court orders and proceedings at issue here were entered and held in violation of the automatic stay under § 51.014(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b). These matters constitute a clear abuse of the MDL pretrial court's discretion for which relators lack an adequate remedy by appeal. Accordingly, we conditionally grant the petition for writ of mandamus in these causes and direct the trial court to vacate any orders rendered in those cases held in the MDL pretrial court since the time that the interlocutory appeals were filed in 13-19-00461-CV and 13-19-00462-CV. Our writ will issue only in the event that the MDL pretrial court fails to promptly comply.

We previously stated that all proceedings in these causes were stayed "and remain on hold including legal deadlines applicable to any party pending further order of the Court or resolution of these original proceedings." *See* TEX. R. APP. P. 52.10(b); *In re Geomet Recycling LLC*, 578 S.W.3d at 91. As we have held here, the interlocutory appeals under § 51.014(a)(12) stay the commencement of a trial and "all other proceedings in the trial court" pending resolution of the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b). We conclude that the automatic stay under § 51.014 tolls the deadlines imposed by the TCPA, *see id.*, including any appeals filed under the TCPA. In this regard, we note that the Court has received multiple notices of appeals based on the MDL pretrial court's failure to rule on TCPA motions to dismiss within the statutory deadline. *See id.* §§ 27.005(a), 27.008(a). Unless and until we are given contrary direction from the Legislature or the Texas Supreme Court, we consider these appeals premature because the TCPA deadlines were stayed by statute. *See id.* § 51.014(a)(12),(b). Having resolved these matters as stated, we lift the stay that we

8

previously imposed in these causes.  The statutory stay remains in place for the cases

in the MDL pretrial court.  *See id.*

JAIME TIJERINA
Justice

Delivered and filed the
19th day of December, 2019.