WALLACE, MULLER & COMPANY (LIMITED) v. EDWARD
F. LEBER ET AL.

Argued November 13, 1901—Decided November 25, 1901.

A suit brought in this state upon a cause of action on which a suit,
    previously brought in a sister state, is still pending, should not be
    stayed as vexatious, *pendente alibi lite,* if in the foreign suit a
    defence is interposed which does not reach the substantial merits
    and which, because of changed conditions, is not available in the
    domestic action.

On motion to stay proceedings *pendente alibi lite.*

Before Justices DIXON and HENDRICKSON.

For the motion, *Herbert R. Limburger* (of the New York
bar).

*Contra, Albridge C. Smith.*

The opinion of the court was delivered by

DIXON, J. In March, 1898, the plaintiff, a corporation of
this state, brought an action against the defendants, in the
Supreme Court of New York, on three contracts, made in
September, 1897, to which the defendants set up, as one of
their answers, that the right to sue was then immature. In
May, 1898, the plaintiff brought an action upon one of the
contracts, in this court, and recovered judgment against the
defendants in January, 1900. On application to the New
York court the plaintiff was permitted to supplement its com-
plaint by alleging the judgment recovered here. Afterwards,
in July last, the plaintiff brought the present action upon the
two other contracts embraced in the New York suit. To this
the defendants have pleaded, and the cause is at issue. They
now move to stay it pending the New York suit. It is con-
ceded that the immaturity set up in the New York court was
ended before the present action was commenced.

The power of the court to stay the proceedings is unques-

tionable, but its exercise rests in discretion. *Kerr* v. *Willetts,* 19 *Vroom* 78; *Fairchild* v. *Fairchild,* 8 *Dick. Ch. Rep.* 678. "It is a jurisdiction," said Lord Justice Colton, in *McHenry* v. *Lewis,* 22 *Ch. Div.* 397, 406, "which one ought to exercise with extreme caution." "When the court interferes upon motion to stop the plaintiff from proceeding, it is taking upon itself a very delicate jurisdiction, and one in which it ought to see that by no possibility can it be doing injustice." *Ostell* v. *Le Page,* 2 *De G. M. & G.* 892 *(per Lord Cranworth).*

In general, a stay should not be ordered if the opportunity to obtain satisfaction in the foreign suit is not as good as the domestic suit affords. *Allentown Foundry and Machine Works* v. *Loretz,* 16 *App. Div.* (*N. Y.*) 72; *The Christiansborg,* 10 *P. D.* 141, 148.

Such a condition is now presented, for the action in New York may fail because of the answer that it was prematurely brought, and thus a trial upon the merits may be evaded. The fact that judgment, if obtained here in favor of the plaintiff, can be used as an aid to the prosecution of the New York suit, seems to furnish an additional reason for holding that the prosecution of the present action should not be treated as vexatious.

The motion is denied, with costs.