## MILLS v. HOWARD.
### No. 6026.

Court of Civil Appeals of Texas. Amarillo.
Feb. 6, 1950.

McCarthy, Collins & Snodgrass, Amarillo, for appellant.

No one appearing for appellee.

STOKES, Justice.

Appellee, M. P. Howard, and appellant, Relda Mills, were formerly husband and wife and resided in Curry County, New Mexico. They were divorced by a judgment of the district court of Curry County in 1946. One child, Ruth Ann Howard, was born to the marriage and she was thirty-one months of age at the time the divorce was granted. The custody of the child was awarded to appellee from September until the following June of each year and to the appellant for the months of June, July and August. No controversy seems to have arisen over this arrangement until December 1948, when the appellant married her present husband George Mills. On or about June 1, 1949, appellant went to Clovis, New Mexico, where the child and appellee resided, to take custody of the child under the provisions of the decree but appellee declined to permit her to have the child. On July 11, 1949, she filed this suit in which she alleged that appellee had declined to permit her to take custody of the child and that, since the divorce was granted, conditions had so changed as to make it to the best interests of the child that appellant now be decreed her full custody. She alleged that she and her present husband are proper persons to have the custody of the child and that the appellee is not a fit and proper person to be entrusted with the responsibility of her care, custody and control.

Appellee was served with non-resident citation but he did not appear nor file an answer. The case was submitted to the court without the intervention of a jury and the court found that conditions had changed since the divorce was granted and that appellant was a suitable person to have the custody of her child. It further found, however, that a suit was pending in the district court of Curry County, New Mexico, between the same parties and concerning the same subject matter; that the suit in Curry County had been filed by appellee on March 29, 1949, prior to the time this suit was instituted by appellant; and that, in his pleadings, appellee also alleged a change of conditions since the divorce was granted and prayed for a modification of the original decree to the extent that he be given the full custody and control of the child, Ruth Ann Howard. Based upon these facts, the court concluded that the district court of Curry County, New Mexico, had jurisdiction to hear and determine the cause of action and issues involved in both the case pending in that court and in the instant case and that, therefore, the district court of Potter County, Texas, did not have jurisdiction thereof; and an order was entered dismissing the instant case from the docket.

Appellant duly excepted to the judgment, gave notice of appeal, and brings the case before this court upon two assignments of error in which she contends the court erred in concluding that the district court of Potter County did not have jurisdiction to entertain the suit and in not decreeing to her the full custody of her minor child, Ruth Ann Howard.

■ It is the general rule, adhered to by the courts of this state, that because a minor is not sui juris and, therefore, can neither select nor change his domicile, his domicile is fixed by law. The domicile of his father at the time of his birth is assigned to him and it follows that of his father as it changes, continuing to be referred to that domicile without regard to

the actual facts as to residence. Trammell v. Trammell, 20 Tex. 406, 407; Gulf, C. & S. F. Ry. Co. v. Lemons, 109 Tex. 244, 206 S.W. 75, 5 A.L.R. 943; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551. Moreover, jurisdiction to award the custody of a minor child depends upon the domicile of the child and a judgment awarding such custody carries with it domicile and domestic status. From this it necessarily follows that the domicile of Ruth Ann was that of the respective parents during the periods of time respectively that it was decreed to them. Peacock v. Bradshaw, supra. It was held by the Supreme Court in the case just cited that a suit for the custody of a child is usually referred to as an action in rem; but the res is not the child itself, that is, its physical being. It is the status of the child which constitutes the res and, where the court has jurisdiction over the status of the child, it has jurisdiction to award its custody even though the child itself might not, at the time, be under the immediate jurisdiction of the court. Under these rules appellee had the right to institute the suit filed by him in the district court of Curry County, New Mexico, because, at the time it was filed, he had legal custody of the child under the decree in the original divorce case. By the same token, appellant had the right to institute this case in the district court of Potter County, even though the child was physically absent and then in the custody of her former husband, the appellee, because, under the divorce decree she was entitled to its custody when she filed the suit on the 11th of July, 1949. This presents a situation wherein two cases are pending in different states between the same parties and involving the same subject matter.

The general rule is that the mere pendency of a suit in one state will not be grounds for abating a suit in another state between the same parties and involving the same subject matter. Trinity Universal Ins. Co. v. DeMartini, Tex.Civ. App., 118 S.W.2d 901; Cohen v. Cohen, Tex.Civ.App., 194 S.W.2d 273. As a matter of comity, however, it is the custom for the court in which the later action is instituted to stay proceedings therein until the prior action is determined or, at least, for a reasonable time, and the custom has practically grown into a general rule which strongly urges the duty upon the court in which the subsequent action is instituted to do so. Ryan v. Seaboard R. Co., C.C., 89 F. 397; Jos. Joseph & Bros. Co. v. Hoffman & McNeill, 173 Ala. 568, 56 So. 216, 38 L.R.A.,N.S., 924, Ann.Cas. 1914A, 718; Rorvik v. North Pacific Lumber Co., 99 Or. 58, 190 P. 331, 195 P. 163; Wallace, Muller Co. v. Leber, 67 N.J.L. 26, 50 A. 586; Nicols & Shephard Co. v. Wheeler, 150 Ky. 169, 150 S.W. 33; Dodge v. Superior Court, 139 Cal.App. 178, 33 P.2d 695.

The reason for the rule is that every country or state is entirely sovereign and unrestricted in its powers, whether legislative, judicial or executive, and it therefore does not acknowledge the right of any other state or country to hinder its own sovereign acts or proceedings. For that reason the courts of a state or country in which a second suit is instituted will not dismiss a suiter merely because another suit is pending elsewhere. If the rule were otherwise and the instant case were dismissed, appellant not having answered in the New Mexico case, appellee could dismiss it and thus leave appellant without a forum in either jurisdiction. In such cases the rule of comity should be observed, however, unless it is apparent that fraud, sinister motive, inattention or unnecessary delay is shown on the part of the plaintiff or the court of the foreign jurisdiction. It is a salutary rule because, if the determination of the suit in the foreign jurisdiction is in favor of the plaintiff there, he may plead it in bar of the local action. On the other hand, if he is the loser in the foreign suit, the plaintiff in the local action necessarily is the prevailing party in the foreign suit and further litigation on his part is not necessary.

While, as we have said, the pendency of a prior suit involving the same parties and subject matter strongly urges the court of the local forum to stay the proceedings pending determination of the prior suit,

yet the rule is not mandatory upon the court nor is it a matter of right to the litigant. It is, after all, a matter resting within the sound discretion of the court.

From what we have said, and the holdings of the courts in the cases above cited, it follows that the court erred in dismissing the case from the docket, for which error the judgment will have to be reversed. The record shows that appellee was served only by nonresident service, which does not permit a personal judgment against him, even for costs of the litigation. The judgment of the court below will be reversed and the cause remanded with costs of this court and the court below taxed against the appellant.