ACCEPTED
01-15-00073-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/14/2015 7:05:51 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00073-CV

## IN THE
## FIRST COURT OF APPEALS
at Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/14/2015 7:05:51 PM

CHRISTOPHER A. PRINE
Clerk

### Cornelis F. Willig, Appellant

### V.

### Marcela Gutierrez Diaz
### Appellee

### Appealed from the 309th Judicial District Court
### Harris County, Texas

### APPELLANT'S AMENDED BRIEF ON APPEAL

**Andres P. Chaumont**
**State Bar Number 15779400**
**834 Fleetwood Place**
**Houston, Texas  77079**
**Tel. 281-493-3999**
**Fax. 281-493-3993**
**Email: anchlaw88@gmail.com**
**Attorney for Appellant**
**Cornelis P. Willig**

**Appellant Requests Oral Argument**

**Cornelis P. Willig**
**Appellant**

**V.**

**Marcela Gutierrez Diaz**
**Appellee**

## INTRODUCTION

TO THE HONORABLE 1ˢᵗ COURT OF APPEALS:

1.     Appellant Cornelis P. Willig (Petitioner in the lower court) submits this brief on Appeal. Throughout his brief, Cornelis P. Willig is referred to as "Willig" or as Appellant.

2.     Appellee Marcela Gutierrez Diaz (Respondent in the lower court) is referred to as Gutierrez or as Appellee.

3.     Records, exhibits and documents are referred to in the following manner:

| Sample Abbreviation | The Record |
|---|---|
| RR 1:15-17 | Reporter's Record Volume 1, Pages 15-17 |
| CR 1: 18-20 | Clerk's Record, Volume 1, Pages 18-20 |

| CR 1st Supp: 01-9 | Clerk's Record, 1st Supplement, Pages 1-9 |
|---|---|
| RR 1: P. Ex. 8 | Reporter's Record, Vol. 1, Petitioner's Trial Ex. # 8 |
| RR1: D. Ex 2 | Reporter's Record, Vol 1, Respondent's Trial Ex. # 2 |
| App. Tab A | Appendix, Tab A |

**Cornelis P. Willig**
**Appellant**

**V.**

**Marcela Gutierrez Diaz**
**Appellee**

## IDENTITIES OF PARTIES AND COUNSEL

1.  Appellant:            Cornelis P. Willig
    Appellant's Counsel:  Andres P. Chaumont
                          State Bar No. 15779400
                          834 Fleetwood Place
                          Houston, Texas 77079
                          Tel:   281-493-3999
                          Fax:   281-493-3993
                          Email: anchlaw88@gmail.com


2.  Appellee:             Marcela Gutierrez Diaz
    Appellee's Counsel:   Michael G. Busby
                          2909 Hillcroft Ave, Suite 350
                          Houston, Texas 77057
                          Tel:   713-974-1151
                          Fax:   713-974-1181
                          Email: consumerlaw@busby-lee.com

# TABLE OF CONTENTS

INTRODUCTION................................................................ i

IDENTITY OF PARTIES AND COUNSEL............................................. iii

TABLE OF CONTENTS........................................................... iv

INDEX OF AUTHORITIES........................................................ v

STATEMENT OF THE CASE....................................................... vi

ISSUES PRESENTED............................................................ xi

STATEMENT OF FACTS.......................................................... 1

SUMMARY OF THE ARGUMENT..................................................... 4

ARGUMENT.................................................................... 5

      Issue No. 1............................................................ 5

      Issue No. 2............................................................ 12

      Issue No. 3............................................................ 17

CONCLUSION.................................................................. 22

PRAYER...................................................................... 23

CERTIFICATE OF SERVICE...................................................... 24

## INDEX OF AUTHORITIES
## CASES

*Dawson Austin v. Austin*............................................................... 13
968 SW 2d 319, (Tex. 1998)

*Griffith v. Griffith*...................................................................... 6
341 SW 3d 43, (Tex.App.-San Antonio, 2011, no pet.)

*Mason v. Mason*......................................................................... 12
321 SW 3d 178, (Tex App.- Houston [ 1st Dist.] 2010, no pet.)

*Palau v. Sanchez*........................................................................ 15
2010 Tex App LEXIS 9041 (Tex App.-Austin, 2010, pet. denied)

*Shahani v. Said*.......................................................................... 7
 2009 Tex. App. LEXIS 4547, (Tex.App.-Corpus Christi, Review Denied)

*Stallworth v. Stallworth*.............................................................. 14
201 SW 3d 338, (Tex App.-Dallas 2006, no pet.)

## CODES

Tex.Fam.Code § 6.301........................................................................ 13
Tex.Fam.Code § 6.308........................................................................ 13

# STATEMENT OF THE CASE

## *Nature of the Case.*

On February 4, 2014, the Appellee submitted what is described as a petition for "accompanying arrangements" in the court in the Netherlands, seeking only temporary initial maintenance support but not seeking a divorce itself. The filing by Appellee in the Netherlands on February, 2014, did not contain within it or involve an actual Petition for Divorce. (CR1:35-37; 41-42). Subsequently, the Appellee filed, for the first time, on March 28, 2014, her actual petition for divorce with the Court in the Netherlands. The Appellee's attorney in the Netherlands, in a filing with the court there dated June 25, 2014, judicially admitted that the date of filing of the appellee's actual divorce petition in the Netherlands was March 28, 2014, stating that "The marriage of the parties has become irreparable, on the basis of which the woman submitted a petition for divorce to this Court, with the accompanying arrangements, on March 28, 2014 (Reference No. C/15/ 21236S /FA Rl< 14/1030)." (CR 1: 54-59).

When Appellant received the initial temporary maintenance request from the Netherlands filed on February, 2014, it did not include a divorce petition. Appellant retained counsel in Texas and on March 24, 2014, filed an actual Original Petition for Divorce in Harris County, Texas. The case was assigned to the 309th District Court.

(CR 1: 4-6). Appellee filed on May 27, 2014 as her response to the Harris County divorce petition a Plea in Abatement and a Special Appearance. (CR 1: 7-11) Appellant subsequently filed a First Amended Original Petition for Divorce in Harris County on June 9, 2014. (CR 1: 12-16). In the Amended Petition, Appellant sought the divorce not only on the grounds of insupportability, but also added the specific jurisdictional basis for obtaining the divorce in Harris County, Texas, as an *in rem* divorce, as provided by § 6.301 and § 6.308 of the Texas Family Code Under said provisions, the trial court can grant the divorce decree even if the Appellee was not a resident or a domiciliary of the State of Texas and had not been so before. The amended petition also identified and rested upon the legal precedent supporting the court granting such a status divorce, without a division of property being included in its terms, under the provisions of controlling Texas Precedent.

## *Course of Proceedings and Trial Court Disposition.*

The Special Appearance was tried on September 26, 2014,to the Honorable Judge of the 309th District Court of Harris County, Texas. On October 16, 2014, the Court rendered by letter its decision granting the Special Appearance and dismissing the case stating in its judgment that another court had assumed jurisdiction over the matter in the Netherlands. The court signed the order of dismissal on October 31, 2014. (CR 1: 90-91).

## Post Judgment Proceedings.

Appellant timely filed a Request for Findings of Fact and Conclusions of Law on November 14, 2014. (CR 1: 92-93) Additionally, Appellee timely filed on November 18, 2014, a request for entry by the court of specifically suggested findings and conclusions as presented to the Court. (CR 1: 94-98) Appellee filed her request for specifically suggested findings and conclusions on November 21, 2014. (CR 1: 99-103). Appellant also timely filed a Motion for New Trial on December 3, 2014. (CR 1: 104-109 and with exhibits CR 1: 110 - 155).

When the Court did not enter the findings and conclusions that had been requested, Appellant timely filed on December 5, 2014, a timely Notice of Past Due Findings of Fact and Conclusions of Law. On January 7, 2015, the court rendered its decision on Appellant's Motion for New Trial, denying same. Entry was set for June 9th, 2015, but somehow the signed order did not become a part of the Clerk's Record. The proposed order denying the motion for new trial is in the clerk's record (CR1: 173) The notation on the court's docket sheet of the court's decision does state that the motion for new trial was denied on January 7, 2015. (CR 1: 175).

At that time, the court had still not entered its findings of fact and conclusions of law. Appellant timely filed his Notice of Appeal on January 19, 2015. (CR 1: 176-177). At the time that the Notice of Appeal was filed on January 19, 2015, the trial

court had still not entered findings of fact and conclusions of law in the case.

During this period of time, the Court in the Netherlands on December 24, 2014, entered a ruling in the case pending in that jurisdiction that ordered an abatement of the proceedings in the Netherlands until the Appellate Court in Harris County arrived at a decision on the jurisdictional issues in the case.

The Dutch court, in its ruling abating those proceedings, noted that the actual divorce petition filed by Appellant in Harris County had been filed on March 24, 2014 and that the Appellee's actual divorce petition filed in the Netherlands had been filed on March 28, 2014, four days later. (CR 1: 165-172).

The appellant's petition was first in time of the two petitions filed in the divorce actions in both jurisdictions and for that reason, the court in the Netherlands deferred to the jurisdictional authority of the trial court in Harris County, Texas to hear the case, and to the jurisdictional authority of the First Court of Appeals to hear and rule on the appeal of the dismissal order entered by the trial court by abating the action pending in the Netherlands until the First Court of Appeals decided the requested appeal.

## *1st Court of Appeals.*

On Appellant's request, the Court of Appeals abated the appeal on April 16, 2015, with an Order that also directed the trial court to enter findings of fact and

ix

conclusions of law in this case. The Trial Court entered its findings of fact and conclusions of law on May 19th, 2015. On May 29th, 2015, Appellant filed with the trial court while the Appeal was abated in this Court, his request for additional and amended findings of fact and conclusions of law. The trial court never ruled on Appellant's request for the additional and amended findings of fact and conclusions of law. On June 4th, 2015, the Court of Appeals reinstated the appeal after the trial court filed the directed findings of fact and conclusions of law and this Court directed the Appellant to file his brief within 30 days from the date of its Order of Reinstatement of the Appeal, which was June 4, 2015.

## ISSUES PRESENTED FOR REVIEW

Issue No. 1:        The trial court erred in granting Appellee's Special Appearance and entering judgment dismissing the Appellant's Petition for Divorce on the basis recited in the trial court's Order of Dismissal stating that the court in the Netherlands had assumed jurisdiction over the matter, given that the Appellant filed his actual petition for divorce in Harris County before the Appellee filed her actual divorce petition in the Netherlands.

Issue No. 2:        The trial court erred in not granting Appellant's requested divorce, since Appellant was entitled under Texas law to obtain his requested *in rem* divorce under the provisions of §§ 6.301 and 6.308 of the Texas Family Code.

Issue No. 3        The trial court erred in entering Findings of Fact and Conclusions of Law that are not supported by any evidence, testimonial or documentary, admitted at the trial of the special appearance. The evidence that was admitted, both testimonial and documentary directly contradicts the Findings of Fact and Conclusions of Law as entered by the trial court.

## STATEMENT OF FACTS
### Introduction

The only testimony given at the trial of the Special Appearance was Appellant's. Appellee did not appear as a witness in court or give any testimony telephonically. Appellant's entire testimony was uncontroverted and uncontradicted by any Appellee testimony since she gave none by not testifying at all.

In January, 2010, Cornelis P. Willig moved to Houston and in March 2010 established his residence and domicile in Harris County, Texas at the time that he incorporated his Texas company DIAC USA, LLC. At that time he resided in Sleep Inn Suite Hotel residence located at 5380 W. 34th Street, Suite 185, Houston, Texas 77092 and that location became his residence and domicile in Texas. (RR 2: 25), (RR 2: 10-12). Given his very recent arrival at that time, he also established that address as the corporate address for his limited liability company that was registered on March 10, 2010 with the Secretary of State.( (CR 1: 31-34).

Since 2010, Appellant has never abandoned or changed, to the present date, his primary residency and his domicile in Harris County, Texas, (RR 2: 28),. even though, because of the nature of his business, he has traveled frequently since March of 2010 to work internationally on temporary job assignments. (RR 2:29 ).

Appellant has no plans to effectuate such a change of domicile in the future. (RR 2: 38). In March 2014, Appellant changed his residence address in Houston to

*1*

a Grey Star Apartment complex, located at 2424 East T. C. Jester Boulevard, Houston, Texas,. (RR 2: 30-31). Appellant has had a Texas phone number since he established his Texas company, his Texas residence and his Texas domicile in 2010. (RR 2: 32) ( RR 3: P: 8, pages 157 to 185 of volume 3); (RR 3: P: 5, pages 57 to 117 of volume 3); (RR 2: 50-51).

In his first amended divorce petition, Appellant requested a divorce be granted as an action *in rem*, wherein the Court would grant Appellant a status divorce to which he is entitled under the provisions of § 6.308 of the Texas Family Code and Texas legal precedent, but not divide the property acquired during the marriage. Appellant had satisfied at the time of filing his original petition on March 24, 2014 the residency and domiciliary requirements identified by § 6.301 of the code. (RR 2: 35-36).

When the Appellant first came to Houston, he was unaccompanied by the Appellee, who had decided shortly before Appellant's departure from the Netherlands not to join him in the move. Shortly after Appellant established his residence, domicile and limited liability company in Houston, Texas, (RR 3: P: 3, pages 9 to 49 of volume 3) ( RR 3: P:3, pages 49 to 54 of volume 3) , he was served without prior notice with a petition for support that had been filed by the Appellee in the Netherlands.

The item filed in the Netherlands was not a divorce petition. It was a request

2

for support from the Appellant by Appellee and the filing did not contain within it any request for a divorce itself. In a hearing on April 16th, 2014. The ruling by the Dutch Court on April 30, 2014, dealt only with the issue of the initial support that had been requested. No reference was made by the court in the Netherlands to the issue of any existence of a divorce taking place at that time. (RR: 3: P: 7, pages 136 to 138 of volume 3).

As a result realizing the existence of the support request that had been filed by the Appellee in the Netherlands, Appellant retained counsel in Houston and filed his Original Petition for Divorce on March 24, 2014. The filing in Harris County took place almost a month before the support issue request was heard by the Netherlands' court on April 16, 2014.

Four days after the Harris County petition was filed on March 24, 2014 , (CR 1: 4-6).Appellee finally filed her original petition for divorce in the Netherlands on March 28, 2014. The date of filing the divorce petition on March 28, 2014 in the Dutch court was judicially admitted by Appellee's counsel in the contents of Appellee's actual petition for divorce, which shows that Appellee's attorney prepared her actual divorce petition on March 27, 2014, (CR 1: 111-127); and by the acknowledgment that it was actually filed March 28, 2014 by Appellee's attorney as noted above.(CR 1: 75-80).

Appellant filed his Original Divorce Petition on March 24, 2014 (CR 1: 4-6)

and Appellee then filed her Special Appearance and Plea in Abatement in response on May 27, 2014 (CR 1: 7-11) . Appellant filed his First Amended Original Petition for Divorce on June 12, 2014. (CR 1: 12-16). A hearing was held on the Special Appearance on September 26, 2014, and Appellees' Special Appearance was rendered as granted on October 16, 2014. (CR 1: 87). The trial court's Order of Dismissal of Appellant's divorce action was signed on October 31, 2014. CR 1: 90-91).

Appellant timely filed a Request for Findings of Fact and Conclusions of Law on November 14, 2014. (CR 1: 92-93). He also timely filed a second request for entry of findings and conclusions, specifically identifying the findings and conclusions which Appellant requested be entered to the trial court on and requesting their entry on November 18, 2014. (CR 1: 94-98). Appellant filed his Motion for New Trial on December 3, 2014. (CR 1: 104-155). .Appellant subsequently timely filed a notice of past due findings and conclusions on December 5, 2014 (CR 1: 156-157).

Appellant timely filed his notice of appeal on January 8, 2015. (CR 1: 176-177). Appellant filed his request for abatement of the appeal with the First Court of Appeals until the trial court entered its findings and conclusions on March 31, 2015. The abatement of the appeal was granted by the Appellate Court on April 16, 2015. The trial Court was directed to file findings and conclusions while the appeal was abated. The trial Court entered its findings and conclusions on May 19, 2015. The

4

abatement of the appeal was ended by Order of the First Court of Appeals on June 4, 2015, acknowledging the filing by the trial court of the findings of fact and conclusions of law, and the appeal process was then re-activated by the Appellate Court.

## SUMMARY OF THE ARGUMENT

In its Order dismissing appellant's divorce petition and in its findings of fact and conclusions of law the trial court disregarded the uncontroverted and uncontradicted testimony of the Appellant. The testimony clearly established that Appellant had established his residence and his domicile in Houston, Texas in January, 2010, and registered his limited liability company with the Secretary of Sate of Texas on March 10, 2010. (RR 2: 25), (RR 2: 10-12) (CR 1: 31-34). The uncontroverted testimony from the Appellant clearly and unequivocally stated that Appellant had set up his residence and domicile in Harris County in January 2010. The testimony confirms that he has never changed his primary residence and his domicile from Harris County, Texas to any other location since then .(RR2: 25) (RR 2: 28-29) (RR 31) 2: (RR 2: 38) (RR 2: 50-51).

Satisfying the residency and domicile requirements as proven by the testimony adduced at trail and by the admitted exhibits, Appellant was entitled to pursue his divorce in Harris County and proceed to obtain an *in rem* divorce judgment from the trial court. Instead, the trial court granted Appellee's special

appearance and dismissed the divorce action in Harris County, Texas. The trial court's dismissal order is unsupported by any evidence, whether testimonial or documentary in nature, and is founded on the incorrect assumption that the filing of the Netherland's actual petition for divorce presented by the Appellee preceded the Appellant's filing of his divorce petition in Harris County. (CR: 1: 90).

This is factually wrong. For that reason, the trial court's finding in its dismissal order that another action was pending in the court in the Netherlands and that the Dutch court had assumed jurisdiction over the matter is incorrect. Since the trial court's dismissal, the Dutch court has actually entered a ruling in that action that has abated the divorce proceeding in that jurisdiction. The Dutch court has deferred to the jurisdiction of the Harris County courts because it has acknowledged in its ruling that the petition in the Netherlands was factually filed subsequently to the Appellant's Harris County petition and that the jurisdiction over the divorce between the parties was originally acquired by and vested in the Harris County trial court. (CR 1: 165-172) .

## ARGUMENT

**Issue No. 1:** The trial court erred in granting Appellee's Special Appearance and entering judgment dismissing the Appellant's Petition for Divorce on the basis recited in the Order of Dismissal that the court in the Netherlands had assumed jurisdiction over the matter, since Appellant filed his actual petition for divorce in Harris County before the Appellee filed her actual divorce petition in

the Netherlands.

## A. Policy Considerations
## Dominant Jurisdiction, Comity and First filed issues

1.    Appellee has claimed to the trial court that the concept of Comity is

applicable to this case and that the trial court, through an extension of the principle

of comity, was obligated to defer to the jurisdiction of the Dutch court under the

concept of comity and "First filed in time" concepts in that mandated deferring to

the Dutch court's jurisdiction and allow that court to continue with its case to a

final decision, while abating or dismissing the action pending in Harris County,

Texas.

2.    In Griffith v. Griffith, 341 SW3d 3, (Tex.App.--San Antonio, 2011, no
review), the appellate court held:

> "Further we note that this "first-filed" rule argued by Kenneth
> relates to the doctrine of dominant jurisdiction, which applies
> when multiple proceedings are filed in different Texas counties.
> *See Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.
> 1988) ("It is well settled that when suit would be proper in more
> than one county, the court in which suit is first filed acquires
> dominant jurisdiction to the exclusion of other    courts"); *see
> also Perry v. Del Rio,* 66 S.W.3d 239, 252 (Tex. 2001) (orig.
> proceeding) (citing *Wyatt* for the first-filed rule in a case where
> there were four proceedings pending in different Texas
> counties); *In re Sims,* 88 S.W.3d 297, 302 (Tex. App.?San
> Antonio 2002, orig. proceeding) ("As a general rule, when suit
> would be proper in more than one county, the court in which suit
> is first filed acquires dominant jurisdiction   to the exclusion of
> other courts."). This doctrine of dominant jurisdiction, however,
> does not apply to suits pending in other states. *See Ex parte
> Jabara,* 556 S.W.2d 592, 596 (Tex. Civ. App.-Dallas 1977, orig.

proceeding) ("We conclude that the doctrine of dominant jurisdiction does not apply to suits pending in other states. Texas courts may recognize prior proceedings in other states as a matter of comity, but pendency of a proceeding in another state does not oust the jurisdiction of Texas courts to entertain the same controversy.").

Rather, when an action is pending in another state, we apply the doctrine of comity, which, while not a constitutional obligation, is a "principle of mutual convenience whereby one state or jurisdiction will give effect to the laws and judicial decisions of another." *In re AutoNation, Inc.*, 228 S.W.3d 663, 670 (Tex. 2007) (orig. proceeding). Under the doctrine of comity, a Texas court would *usually* stay its proceeding pending adjudication of the first filed suit pending in another state. *See id.; VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993) (per curiam). However, "[i]t is well settled that *the mere pendency of a prior suit in one state* cannot be pleaded in abatement or in bar to a subsequent suit in another, even though both suits are between the same parties and involve the same subject matter." *In re State Farm*, 192 S.W.3d at 900 (emphasis added). The reason for this rule is that "every state is entirely sovereign and unrestricted in its powers, whether legislative, judicial, or executive"; therefore, each state "does not acknowledge the right of any other state to hinder its own sovereign acts or proceedings." *Id.* at 901. Thus, "[c]omity is not a matter of right." *Nowell v. Nowell*, 408 S.W.2d 550, 553 (Tex. Civ. App.-Dallas 1966, writ dism'd). "The doctrine does not stand boldly clad in the armor of unyielding obedience but is rather arrayed in vestments of persuasion." *Id.* "Being voluntary and not obligatory, the application of comity vests in the sound discretion of the tribunal of the forum." *Id.; see also In re State Farm*, 192 S.W.3d at 901 (explaining that an appellate court reviews a trial court's decision regarding an issue of comity for abuse of discretion).

In determining whether a trial court abused its discretion, we look to the two pending actions. *In re State Farm*, 192 S.W.3d at

901. To obtain a stay of the later action, it is *generally* necessary for the petitioner to show that the two suits involve the same cause of action, concern the same subject matter, involve the same issues, and seek the same relief. *Id.* Here, the Texas and Florida divorce proceedings involved the same parties and subject matter. However, while "the pendency of a prior suit involving the same parties and subject matter strongly urges the court of a local forum to stay the proceedings pending determination of the prior suit," "the rule is not mandatory upon the court nor is it a matter of right to the litigant." *Nowell*, 408 S.W.2d at 553. "It is, after all, a matter resting within the sound discretion of the court." *Id.*

A trial court can also consider additional factors, which include but are not limited to the following: (1) which action was filed first; (2) whether the parties are the same in both actions; and (3) the effect of a judgment in the later action on any order or judgment entered in the prior action. *In re State Farm*, 192 S.W.3d at 901. Here, the Florida action was filed first and the parties are the same in both actions. However, there is no evidence that the trial court's judgment in this Texas case affected any order or judgment by the Florida court.

Additionally, the trial court can consider uncertainty as to the amount of time that might pass before the other proceeding concludes, or "what effects an abated trial would have on the parties before the court or to the orderly control of the court's docket." *In re Estates of Garcia-Chapa*, 33 S.W.3d 859, 863 (Tex. App.-Corpus Christi 2000, no pet.)."

3.    In Shahani v. Said, 2009 Tex. App. LEXIS 4547, (Tex.App.-Corpus Christi, Review Denied), the Appellate Court held:

> "However, the doctrine of dominant jurisdiction does not apply to suits pending in other states. *See Ex parte Jabara*, 556 S.W.2d 592, 596 (Tex. Civ. App.--Dallas 1977, orig. proceeding). Rather, we apply the doctrine of comity, which, while not a constitutional obligation, is "a principle of mutual convenience whereby one state or jurisdiction will give effect to the laws and judicial decisions of another." *In re AutoNation, Inc.*, 228 S.W.3d 663, 670 (Tex. 2007) (orig. proceeding)

(quoting *Gannon v. Payne*, 706 S.W.2d 304, 306 (Tex. 1986)). When a matter is first filed in another state, the general rule is that Texas courts stay the later-filed proceeding pending adjudication of the first suit. *See id.*

However, the mere pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another, even though both suits are between the same parties and involve the same subject matter. *In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 902 (Tex. App.--Tyler 2006, orig. proceeding); *Evans v. Evans*, 186 S.W.2d 277, 279 (Tex. App.--San Antonio 1945, no writ). The reason for the rule is that every state is entirely sovereign and unrestricted in its powers, whether legislative, judicial, or executive, and each state therefore does not acknowledge the right of any other state to hinder its own sovereign acts or proceedings. *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *Mills v. Howard*, 228 S.W.2d 906, 907 (Tex. App.--Amarillo 1950, no writ). Where identical suits are pending in different states, the principle of comity generally requires the later-filed suit to be abated. *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993) (per curiam); *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *Mills*, 228 S.W.2d at 908. It is generally appropriate for courts to apply the principle of comity where another court has exercised jurisdiction over the matter and where the states agree about the public policy at issue. *Bryant v. United Shortline Inc. Assurance Services., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998).

We review a trial court's decision regarding an issue of comity under an abuse of discretion standard. *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *see Nowell v. Nowell*, 408 S.W.2d 550, 553 (Tex. Civ. App--Dallas 1966, writ dism'd w.o.j.). To obtain a stay of the later action, it is generally necessary that the two suits involve the same cause of action, concern the same subject matter, involve the same issues, and seek the same relief. *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *Nowell*, 408 S.W.2d at 553. One test to determine whether the causes of action are identical is to ascertain whether the parties could obtain all the relief in the prior suit that they would be entitled to in the subsequent action. *State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902. Additional factors include, but are not limited to: (1) which action was filed first; (2) whether the parties are the

same in both actions; and (3) the effect of a judgment in the later action on any order or judgment entered in the prior action. *See id.* (citing *Crown Leasing Corp. v. Sims*, 92 S.W.3d 924, 927 (Tex. App.--Texarkana 2002, no pet.); [*6] *Project Eng'g USA Corp. v. Gator Hawk, Inc.*, 833 S.W.2d 716, 725 (Tex. App.--Houston [1st Dist.] 1992, no writ); Evans, 186 S.W.2d at 279).

............

While there are some similarities between the Texas and New Mexico lawsuits, we cannot conclude that comity required abatement of the Texas litigation, as it would if the lawsuits were identical. *VE Corp.*, 860 S.W.2d at 84. The two lawsuits involve different causes of action and different parties. *See State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d at 902; *Nowell*, 408 S.W.2d at 553. Moreover, Said could not obtain his requested relief of annulment in the New Mexico litigation. Accordingly, the trial court did not abuse its discretion in refusing to stay the Texas litigation."

## The Irony of it all

4. All of the argument by Appellee's counsel at trial on the special appearance and all of the contents of the verification affidavit supporting the Special Appearance pleadings filed by the Appellee insisted upon the trial court, that comity, if not dominant jurisdiction policy considerations supported the court dismissing this matter in Harris County. This view rested on the basis that Appellee had allegedly filed her divorce action in the Netherlands prior to Appellant filing his divorce petition in Harris County.

5. Such supposition was misleading to the trial court and was and continues to be factually incorrect. The only filing in the Netherlands in February by the Appellee was a request for support because Appellant had moved to the State of Texas and the Appellee wanted to legally impose on Appellant the obligation that he would be responsible for her bills in the Netherlands while he was living in Texas. There was

*11*

no divorce petition filed in February of 2014 in the Netherlands and no request that a divorce be granted by the Dutch Court was made in the original filing by the Appellee in February, 2014.

6.     The first time that Appellee filed her original divorce petition in the Netherlands was on March 28, 2014. There is no evidence in this matter, of any kind that shows that the Appellee filed a divorce petition in the Netherlands in February, 2014. Appellant had already previously filed, on March 24, 2014 his original petition for divorce in Harris County. (CR 1: 4-6) (CR 1: 75-80) and (CR 1: 111-127). Appellant was first in time in filing in Harris County a divorce petition.

7.     It is for those reasons that the extensions of the policies of comity and dominant jurisdiction to the filing in the Netherlands upon which the trial court rested its granting of the special appearance and issued its dismissal order are not applicable in this case. Such application of the concepts rest on incorrect facts as determined by the trial court. The incorrect facts upon which the trial court's decision was made make the trial court's judgment of dismissal incorrect. The judgment of dismissal is not supported by any factual evidence, whether testimonial or documentary, and is not supported by the legal standards established by legal precedent. The facts upon which it the judgment rests do not exist as claimed.

8.     It is ironic that those concepts of first filing and of comity have been applied by the Dutch Court to the action filed by Appellant in Harris County. The Dutch Court has in fact, in the ruling it entered, already abated the proceedings in the Netherlands and deferred to the Harris County Court jurisdiction over the divorce action because the Harris County divorce petition was filed first in time. (CR 1: 165-

172) . It is ironic that the Dutch Court has in fact , in using the principles of comity and first filing by Appellant granted the relief that the Appellee requested of and argued for to the trial court, erroneously insisting that the Dutch case was filed earlier than the Texas case and supposedly justifying the granting of the special appearance on that basis.

9.      The Dutch Court has found such claims to be incorrect and it has, based on the principles of comity involved, abated the action in the Netherlands pending the resolution of this matter, including this appeal, in Harris County. It is clear that the Dutch court has decided that the divorce should proceed in Harris County by abating the matter in the Netherlands because the initial and primary jurisdiction over the divorce rests with Harris County's trial and appellate courts and not with the Dutch court.

10.     Appellant's divorce petition should have been granted. It was error by the trial court to dismiss it instead.

**Issue No. 2**      The trial court erred in not granting Appellant's requested divorce, since Appellant was entitled under Texas law to obtain his requested *in rem* status divorce under the provisions of §§ 6.301, and 6.308 of the Texas Family Code.

11.     The controlling case resolving the issues involved in the interplay of § 6.301 and § 6.308 of the Texas Family Code is Mason v. Mason, 321 SW 3d 178, (Tex App.- Houston [ 1ˢᵗ Dist.] 2010, no pet.). In that decision, this Court ruled:

> It is well-established that a court may grant a divorce to a Texas resident, even though it lacks personal jurisdiction over the non-resident spouse. *See Dawson-Austin v. Austin*, 968 S.W.2d 319, 324-25 (Tex. 1998). Stated differently, a court may have jurisdiction to grant a divorce, which is an adjudication of the parties' status, but not have jurisdiction to

divide their property, which is an adjudication of parties' rights. *Id.* at 324 (citing *Estin v. Estin*, 334 U.S. 541, 549, 68 S. Ct. 1213, 1218, 92 L. Ed. 1561 (1948)). As one court explained, "Where the trial court in a divorce proceeding has no personal jurisdiction over the respondent, the trial court has the jurisdiction to grant the divorce, but not to . . . divide property outside the State of Texas. It may also lack jurisdiction to divide property within the state." *Hoffman v. Hoffman*, 821 S.W.2d 3, 5 (Tex. App. Fort Worth 1992, no writ) (internal citations omitted).

. . . . . . . .

In short, a claim for divorce and a claim for division of marital property are separate jurisdictional issues. *See id.; see also* TEX. FAM. CODE ANN. § 6.308(a) (Vernon Supp. 2009) ("A court in which a suit for dissolution of a marriage is filed may exercise its jurisdiction over those portions of the suit for which it has authority."). Here, Anna does not challenge the portion of the trial court's decree granting a divorce between her and Tony. Rather, she challenges only that portion of the decree relating to property division.

12.    As decided by the Supreme Court of Texas in Dawson - Austin v. Austin, 968 SW 2d 319,(Tex. 1998):

"No case holds that claims of divorce and division of property do not involve severable *jurisdictional* issues. The United States Supreme Court recognized long ago that a court could have jurisdiction to grant a divorce -- an adjudication of parties' status -- without having jurisdiction to divide their property -- an adjudication of parties' rights. *Estin v. Estin*, 334 U.S. 541, 92 L. Ed. 1561, 68 S. Ct. 1213 (1948). The rule has been recognized in Texas, as one court has explained:

Where the trial court in a divorce proceeding has no personal jurisdiction over the respondent, the trial court has the jurisdiction to grant the divorce, but not to determine the managing conservatorship of children or divide property outside the State of Texas. *Comisky v. Comisky*, 597 S.W.2d 6, 8 (Tex. Civ. App.--Beaumont 1980, no writ). It may also lack jurisdiction to divide property within the state. *See Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S. Ct. 2569, 2584, 53 L. Ed. 2d 683 (1977).

In *Hoffman v. Hoffman*, 821 S.W.2d 3, 5 (Tex. App.--Fort Worth 1992, no writ). The court in *Hoffman* held that a special appearance directed to an entire divorce proceeding should have been sustained only as to the claim for division of property:

> The trial court erred in dismissing [the husband's] divorce petition for want of jurisdiction, even though it might not have jurisdiction to deal with the property of the parties. The special appearance should only have been granted to the extent of the trial court's recognition that it does not have personal jurisdiction over [the wife] and therefore may not divide the property of the parties located outside the State of Texas and possibly that located within the State of Texas.

> Section 6.308 of the Family Code now provides:

> (a) A court in which a suit for dissolution of a marriage is filed may exercise its jurisdiction over those portions of the suit for which it has authority.
> (b) The court's authority to resolve the issues in controversy between the parties may be restricted because the court lacks:

> (1) the required personal jurisdiction over a nonresident party in a suit for dissolution of the marriage . . . .

Had Dawson-Austin specially appeared as to the entire proceeding, the district court could not have sustained it except as to the property division claim. The district court had jurisdiction to grant the divorce, and Dawson-Austin could not specially appear to that claim. If the court could sustain the special appearance as to only the one claim and not the other, directing the special appearance only to the claim for which it could be sustained could not be a general appearance."

The Dawson Austin - Austin opinion ends with the following holding:

"The district court had jurisdiction only to grant a divorce and not to determine the parties' property claims. Accordingly, the judgment of the court of appeals is reversed and the case is remanded to the district court for rendition of judgment divorcing Austin and Dawson-Austin

and dismissing all other claims for relief for want of jurisdiction."

13.     In the Texas Family Code, § 6.301, it is stated that in order to maintain a divorce action in this state, either the Petitioner or the Respondent has to satisfy the requirements of being a domiciliary of the State of Texas for six months and a resident of the county that the action is filed in for ninety days prior to the filing of the divorce action.

14.     In the Texas Family Code, § 6.308 it is stated that, as it relates to a trial Court having partial jurisdiction in a divorce matter:

> (A) A court in which a suit for dissolution of a marriage is filed may exercise its jurisdiction over those portions of the suit for which it has authority.
>
> (B) The Court's authority to resolve the issues in controversy between the parties may be restricted because the court lacks:
>
> > (1) the required personal jurisdiction over a non resident party in a suit for dissolution of the marriage;
> >
> > (2) the required jurisdiction under Chapter 152; or
> > (3) the required jurisdiction under Chapter 159.

15.     In uncontradicted testimony, Appellant testified to the trial court that he was only seeking an *in rem* status divorce, and was not seeking any distribution of property from the trial court. (RR 2: 20-21) There are no children's issues involved in this divorce action. (RR 2: 20-21) (RR 2: 35-36). This request for a divorce only without a division of property is reflected by the contents of Appellant's First Amended Original Petition.(CR 1: 12-16) The divorce action filed by Appellant was permitted

under the provisions of Texas Family Code § 6.308, even if the trial court did not have personal jurisdiction over the Appellee at the time of filing. (RR 2: 28-29 )

16.    It is also uncontradicted by any evidence that Appellant fully satisfied the time requirements of Texas Family Code § 6.301 as to having been a resident of Harris County for 90 days and a domiciliary of Texas for six months before the filing of his divorce petition. (RR 2:28 -29 ), (CR 1: 31-34), (RR 2: 32) ,( RR 3: P: 8, pages 157 to 185 of volume 3), (RR 3: P: 5, pages 57 to 117 of volume 3); (RR 2: 50-51). Having satisfied the requirements of § 6.301 as early as mid 2010, Appellant was entitled to pursue and obtain his divorce under the provisions of § 6.308 of the Texas Family Code, even if the trial court did not have personal jurisdiction over the person of the Appellee. The trial court did have jurisdiction over the Appellant and over the *rem* of the divorce action itself at the time of Appellant's filing of his original divorce petition.

17.    In Stallworth v. Stallworth, 201 SW 3d 338, (Tex App.-Dallas 2006, no pet.), the appellate court discussed the trial court's jurisdiction over the rem of the divorce itself.

> "Subject matter jurisdiction is essential for a court to have the authority to resolve a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443, 36 Tex. Sup. Ct. J. 607 (Tex. 1993). A party may challenge a court's subject matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39, 43 Tex. Sup. Ct. J. 143 (Tex. 1999). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 47 Tex. Sup. Ct. J. 386 (Tex. 2004). However, if a plea to the jurisdiction challenges the existence of jurisdictional facts--as Wife does here--we consider

relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id.* at 227 (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555, 44 Tex. Sup. Ct. J. 125 (Tex. 2000)).

Section 6.301 of the Texas Family Code states that no suit for divorce shall be maintained unless, at the time the suit is filed, either the petitioner or respondent has been a domiciliary of this state for the preceding six-month period and a resident of the county of suit for the preceding 90-day period. TEX. FAM. CODE ANN. § 6.301 (Vernon 2006). The provisions of the residency statute are not jurisdictional, but rather provide the necessary qualifications for bringing an action for divorce. *Aucutt v. Aucutt*, 122 Tex. 518, 523-24, 62 S.W.2d 77, 79 (1933); *Nowell v. Nowell*, 408 S.W.2d 550, 556 (Tex. Civ. App.-Dallas 1966, writ dism'd). The question of residency is a fact issue for the trial court to determine, and the trial court's findings will not be disturbed unless there is a clear abuse of discretion. *Stacy v. Stacy*, 480 S.W.2d 479, 482 (Tex. Civ. App.-Waco 1972, no writ); *Meyer v. Meyer*, 361 S.W.2d 935, 938 (Tex. Civ. App.-Austin 1962, writ dism'd). There are no limits on the number of residences that a party may maintain at any one time. *McAlister v. McAlister*, 75 S.W.3d 481, 485 (Tex. App.-San Antonio 2002, pet. denied).

18.     Appellant's divorce petition should have proceeded to final decree of divorce. It was error by the trial court to dismiss it instead.

**Issue No. 3:**          The trial court erred in entering Findings of Fact and Conclusions of Law that are factually incorrect and are not supported by any evidence, testimonial or documentary, that was admitted at the trial of the special appearance. The evidence that was admitted, both testimonial and documentary, directly contradicts the Findings of Fact and Conclusions of Law as entered by the trial court.

19.     At trial on the Special Appearance, Appellee's counsel made much ado about items that are, under Texas law, irrelevant to the determination of establishing a residency and a domicile in Texas. Appellee's counsel extensively questioned the Appellant about the nature of the visa that he had originally entered the United States

*18*

with in 2010, and the kind of visas that he had been allowed reentry into the United states since then through the date of trial (RR 2: 12, 16-18). Appellee's counsel extensively questioned the Appellant about what national citizenship he holds and where he was originally born (RR 2: 13-14); where he slept at night and for how long, (RR 2: 12, 15-16); what kind of driver's license he used since 2010 to operate a motor vehicle in Texas (RR 2: 14-15) and when, etc. It was decided in Palau v. Sanchez 2010 Tex App LEXIS 9041 (Tex App.-Austin, 2010, pet. denied) by the 3rd Court of Appeals that such factual considerations do not determine the validity of a person's assertions of being a Texas resident or domiciliary in a family case. In the Palau case, the Court ruled :

> "Even if we were to assume that the trial court erred in denying Galan's plea in abatement, the proper remedy in sustaining a plea in abatement is not to dismiss the suit but to retain it on the docket so that it may be revived when the impediment is removed. *See Svensen*, 629 S.W.2d at 98; Black's Law Dictionary 1269 (9th ed. 2009) ("A defendant who successfully asserts a plea in abatement leaves the claim open for continuation in the current action or reassertion in a later action if the defect is cured."). Thus, even if the documents attached by Galan to his plea in abatement established that Navarro did not satisfy the domiciliary and residency requirements at the time she filed her divorce petition, nothing would have stopped her from satisfying the requirements at the time the plea in abatement was heard so as to cure any defect in her petition. At trial on the day following the hearing in November 2007, Navarro testified that she had been living at a house in Austin since September 2005. She testified that she went back and forth from Austin to Mexico "just for a few days" right after she moved to Austin but that it had been a long time since she traveled back to Mexico. She also testified that it had been her intent since she moved to Austin in September 2005 to live in Austin.
>
> During cross-examination, Navarro conceded that her visa was a "tourist visa" and that she had not sought permanent residency status in the United States. She also testified that at

*19*

the time she filed her visa application, she informed government officials that her residence was in Mexico. However, section 6.301 requires only that a petitioner be a domiciliary of Texas and a resident of the county in which the suit is filed, not that she be a citizen of the United States or carry a certain type of visa. *See*Tex. Fam. Code Ann. § 6.301. Black's Law Dictionary defines "domiciliary" as "[a] person who resides in a particular place with the intention of making it a principal place of abode." Black's Law Dictionary 559 (9th ed. 2009). Navarro testified that she had lived in a house in Austin since September 2005 and that at the time of moving there, she intended to live there. Thus, she satisfies the definition of "domiciliary." Black's Law Dictionary defines "resident" as "[a] person who lives in a particular place" or "[a] person who has a home in a particular place." *Id.* at 1424. Regarding the second definition of "resident," Black's Law Dictionary adds: "a resident is not necessarily either a citizen or a domiciliary." *Id.* As previously stated, Navarro testified that she had lived in a house in Austin since September 2005. She therefore also satisfies the definition of a "resident."..........

Given all of the circumstances, we conclude that the trial court did not abuse its discretion in denying Galan's plea in abatement, *see Dolenz*, 620 S.W.2d at 575, and that in any case, Navarro satisfied the domiciliary and residency requirements at the time of trial. Accordingly, we overrule this issue.

20. It is clear that Appellant, both in his testimony and through the exhibits admitted into evidence at trial, fully satisfies the standards established by the Palau Court in satisfying and proving his claims of residency and domicile in the State of Texas since 2010..

21. In the Palau case, id., Sanchez had entered into the United States only with a tourist visa, had never applied for residency in the United States, had not been in the United States for a continuous period of 6 months prior to the filing of her divorce petition, had been traveling back and forth to Mexico throughout her presence in Austin, and at the time of her obtaining the tourist visa which was in effect at the time

of filing her petition in Travis county, she had affirmatively stated to government authorities both in the United States and Mexico that her residence was in Mexico.

22.     None of that mattered, as the appellate court found that in terms of Sanchez being able to satisfy the time requirement for purposes of residency and domicile as stated in the Texas Family Code, §6.301, she satisfied the requirements of the Texas Family Code for both residency and domicile. The Texas Supreme Court denied Palau's Petition for review in 2011 Tex LEXIS 680 (Tex. Aug. 19, 2011.).

23.     It is clear from the record of testimony and from the evidence at trial in this matter that Appellant satisfied the time requirements of § 6.301 even more rigorously than Sanchez had in the Palau case at the time the Appellant in this matter filed his divorce petition in Harris County.

24.     For that reason, the Findings of Fact No. 5, No. 7, No. 8, No. 16, and No. 17, (CR 1ˢᵗ Supp: 3-4), as entered by the trial court in this matter are based on factual error on the part of the trial court and are directly contradicted by uncontroverted evidence adduced at trial. Appellant established his residence and domicile, and his limited liability company in January, 2010 In Harris County, Texas and has not changed either since their establishment in 2010. (RR 2: 25) (RR 2: 28-29 ) ( RR 2: 32) (RR 2: 35 -38) (CR1: 54-59) ( RR 3: P: 8, pages 157 to 185 of volume 3); (RR 3: P: 5, pages 57 to 117 of volume 3); (RR 2: 50-51) There is no evidence of any kind that supports Findings of Fact 5,7, 8,16 and 17 as they were entered by the trial court. Those Findings of Fact are factually incorrect as entered

25.     Additionally, for that reason, Conclusions of Law No. 1 and No. 4 ( CR 1ˢᵗ Supp: 5-6) as entered by the trial court in this matter are based on both factual and

legal error on the part of the trial court and are directly contradicted both by the uncontroverted evidence and testimony adduced at trial and by the holdings referenced in this brief as controlling precedent in Texas Law. (Griffith v. Griffith, Shahani v. Said, Dawson Austin v. Austin, Palau v. Sanchez, supra).

26.     It is clear from the record of testimony and from the evidence at trial in this matter that Appellee originally filed in the Netherlands only a request for temporary support from appellant in her filing in February, 2014 and did not file at that time a divorce petition in that jurisdiction. She first filed a divorce petition on March 28, 2014, after Appellant had filed his divorce petition in Harris County on March 24th, 2014. (CR 1:4-6) (CR 1: 75-80) and (CR 1: 111-127) The Dutch Court has entered a ruling abating the divorce proceeding in the Netherlands until the matter arrives at a resolution in Harris County because it has determined that the divorce petition filed by Appellant in Harris County was filed first in time. For that reason the Dutch Court has entered its ruling abating the divorce process in the Netherlands until the process in Harris County arrives at a conclusion. CR 1: 165-172)

27.     For that reason, the Findings of Fact No. 10, No. 11, No. 12, and No. 21,(CR 1st Supp: 4-5) as entered by the trial court in this matter are based on factual error on the part of the trial court, are unsupported by any evidence,  and are directly contradicted by the uncontroverted evidence adduced at trial. There is no evidence that supports Findings of Fact 10,11, 12, and 21 ( as they were entered by the trial court. Those Findings of Fact are factually incorrect as entered.

28.     Additionally, for that reason,  Conclusions of  Law No. 1 and No. 4 ( CR 1st Supp: 5-6) as entered by the trial court in this matter are based on both factual and

22

legal error on the part of the trial court, are not supported by controlling case law, and are directly contradicted both by uncontroverted evidence and testimony at trial and by the holdings referenced in this brief as controlling precedent in Texas Law. (Griffith v. Griffith, Shahani v. Said, Dawson Austin v. Austin, Palau v. Sanchez, supra).

29. It was error for the trial court to enter the referenced findings of fact and conclusions of law as they were entered since they were not supported by any evidence presented and admitted at the trial of the special appearance.

## Conclusion

30. Appellant presented to the trial court ample uncontradicted evidence that he had established both his residence and his domicile in Texas in 2010 and had never changed either at a subsequent time. Appellant presented to the trial court ample uncontradicted evidence that he had fully satisfied the requirements of § 6.301 of the Texas Family Code as to both residency and domicile by the time that he filed his divorce petition in Harris County on March 24, 2014.

31. Appellant presented to the trial court ample uncontradicted evidence that Appellee first filed an actual divorce petition in the Netherlands on March 28, 2014, four days after Appellant's filing in Harris County. Acknowledging such chronology, the Dutch Court has entered a ruling abating the action pending in the Netherlands in an application of the principle of comity, and has deferred to the fact that the Harris County court had primary jurisdiction over the divorce matter.

32. Appellant presented to the trial court ample evidence that he was seeking an in rem status divorce, without seeking a division of the marital estate, and that under

23

the provisions of §6.308 of the Texas Family Code, he was entitled to have the court enter a final divorce decree in this matter by which the parties would be divorced.

33.     Appellant presented to the trial court ample evidence that directly refuted the findings of fact and conclusions of law which the trial court entered in this matter and upon which the court's judgment rests. The evidence and controlling precedent show that the trial court's findings and conclusions as entered are based on incorrect facts and on the lack of application to this case of controlling legal precedent that mandates the trial court's denying the special appearance and allowing this matter to proceed to a final decree of divorce.

34.     For these reasons, it was error for the trial court to have granted Appellee's special appearance and to have dismissed Appellant's petition for divorce

## Prayer

For the reasons stated in this brief, Appellant asks the Court to find that the trial court erred in granting Appellee's special appearance. Appellant asks the Court to overrule the trial court's order granting Appellee's special appearance and dismissing Appellant's divorce action and that it render judgment granting the Appellant's requested divorce on the terms that it was asked for under the provisions of Texas Family Code 6.308, or that alternatively it remand the case to the trial court directing the trial court to proceed to render the divorce as stated in Appellant's divorce petition.

Respectfully Submitted

Andres P. Chaumont
State Bar No. 15779400
834 Fleetwood Place

Houston, Texas 77079
Tel: 281-493-3999
Fax: 281-493-3993
Email: anchlaw88@gmail.com

## Certificate of Service

I hereby certify that on the 6th day of July, 2015, a true and correct copy of

the foregoing document was delivered by fax delivery to the following counsel of

record:

Mr. Michael Busby
2909 Hillcroft
Suite 350
Houston, Texas   77057                     Fax: 713-974-1181

on this 15th of July, 2015.                     Andres P. Chaumont

## Certificate of Compliance

I, Andres P. Chaumont, Counsel for Appellant, hereby certify that the Word

Processor used in the preparation of this Appellant's Brief has disclosed that the

brief contains a total of 9,296 words represented in a total of 37 pages.

Andres P. Chaumont

25